UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re PARMALAT SECURITIES LITIGATION

This document relates to:  04 Civ. 0030 (LAK)

MASTER DOCKET

04 MD 1653 (LAK) ECF Case

ELECTRONICALLY FILED

# LEAD PLAINTIFFS' OPPOSITION TO GRANT THORNTON LLP'S MOTION FOR ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE

GRANT & EISENHOFER P.A.
Stuart M. Grant (SG-8157)
John C. Kairis (JK-2240)
Diane Zilka (DZ-9452)
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302.622.7000
Fax: 302.622.7100

James J. Sabella (JS-5454)
45 Rockefeller Center
630 Fifth Avenue
15th Floor
New York, NY  10111
Tel:  646.722.8500
Fax:  646.722.8501

Of Counsel:

SPECTOR ROSEMAN & KODROFF, P.C.
Robert M. Roseman
Andrew D. Abramowitz
Daniel J. Mirarchi
Rachel E. Kopp
1818 Market Street, 25th Floor
Philadelphia, PA  19103
Tel: 215.496.0300
Fax: 215.496.6611

COHEN, MILSTEIN, HAUSFELD &
   TOLL, P.L.L.C.
Steven J. Toll
Lisa M. Mezzetti (LM-5105)
Mark S. Willis
Julie Goldsmith Reiser
Joshua S. Devore
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005-3964
Tel: 202.408.4600
Fax: 202.408.4699

*Co-Lead Counsel for Lead Plaintiffs*

## INTRODUCTION

Lead Plaintiffs respectfully submit this memorandum in opposition to Grant Thornton LLP's ("GT-US") Motion For Entry of an Order of Dismissal With Prejudice (the "Motion"). GT-US seeks entry of an Order granting final judgment *with* prejudice -- a final adjudication that would preclude Lead Plaintiffs from ever seeking to bring GT-US back into this case. The sole basis for the Motion is that the Second Amended Complaint ("SAC") does not set forth new allegations against GT-US. As demonstrated below, that is not a legitimate ground for dismissal with prejudice and the Court should deny GT-US's Motion as unnecessary, premature and unduly prejudicial to Lead Plaintiffs and the Class.

First, entry of an order of dismissal with prejudice would, at this juncture of the litigation, unfairly prejudice Lead Plaintiffs because it would bar them from ever bringing a legitimate, timely motion to amend the claims against GT-US if evidence that was exclusively in defendants' possession supports allegations that GT-US participated in the fraud or otherwise controlled or was the alter ego of another GT entity. Indeed, a dismissal with prejudice would contravene the well-established principle, embodied in Rule 15(a) of the Federal Rules of Civil Procedure, that amendment be liberally granted.

Second, the Motion is premature in that it unnecessarily asks the Court to rule in a vacuum. Presently, there neither are claims pending against GT-US nor are Lead Plaintiffs seeking to amend their claims against it. Therefore, this issue is not ripe for consideration.

## FACTUAL BACKGROUND

In their First Amended Consolidated Class Action Complaint ("FAC"), Lead Plaintiffs alleged, *inter alia*, that GT-US was liable under Sections 10(b) and Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). Lead Plaintiffs alleged, based on publicly available information, that GT-US controlled defendant Grant Thornton International ("GTI"),

Grant Thornton S.p.A. ("GT-Italy"), and the audit partners from GT-Italy who participated in the fraudulent schemes described in the FAC. Lead Plaintiffs further alleged that GTI and GT-Italy were GT-US's agent and/or alter ego.

In ruling on the auditor defendants' motions to dismiss the FAC, the Court held that Lead Plaintiffs had sufficiently alleged that GTI controlled GT-Italy and that GT-Italy was GTI's agent. *In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 300-01, 310 (S.D.N.Y. 2005)(Kaplan, J.). However, the Court dismissed the claims against GT-US on grounds that the allegations under control person and alter ego theories were insufficient. *Parmalat*, 375 F. Supp. 2d at 301-02, 310-11. The Court then permitted Lead Plaintiffs to amend the FAC to address deficiencies in the pleadings. *Id.* at 312.

On August 22, 2005, Lead Plaintiffs filed the SAC. In order to preserve their right to appeal, Lead Plaintiffs included the same claims against GT-US that the Court had dismissed from the FAC. Thereafter, Lead Plaintiffs and GT-US entered into a stipulation providing that: (1) all claims against GT-US asserted in the FAC had been dismissed against GT-US; (2) GT-US is no longer a party in the action; and (3) GT-US need not respond to the claims asserted in the SAC. At the request of Co-Lead Counsel, the stipulation does not state that the dismissal of claims against GT-US was with prejudice. On September 13, 2005, the Court so ordered the stipulation without modification. (Docket #329).

Since entry of the Court's June 28, 2005 Order, the parties have commenced discovery. Lead Plaintiffs have received, and will continue to receive, documents from defendants, including GTI, and third parties , and are coordinating document discovery with Dr. Enrico Bondi, the plaintiff in the MDL action, against GTI and GT-US.

**ARGUMENT**

GT-US's request for an order of dismissal with prejudice, when Lead Plaintiffs have only begun discovery, would unfairly prejudice Lead Plaintiffs because such an order would bar Lead Plaintiffs from ever bringing a motion to amend the claims against GT-US, even if evidence that previously was exclusively in defendants' possession supports allegations against GT-US.  For this reason alone, the Motion is premature.  *See Lewittes v. Cohen*, 2004 WL 1171261 at *3, n.6 (S.D.N.Y. 2004)("because further investigation may allow plaintiff to make good faith allegations of fact" that would provide further support for dismissed claims so that they would survive another motion to dismiss, the court dismissed the claims "without prejudice" to "avoid[] premature foreclosure of such an action").  Indeed, the relief sought by GT-US is rarely appropriate at this stage of litigation.  *See Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999)(holding that dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").[1]

As set forth in Lead Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss the FAC, at pp. 144-48 (Docket # 264), as a general rule, leave to re-plead should be "freely given."  Fed. R. Civ. P. 15(a).  Numerous courts in this Circuit have held that "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate [to grant leave to amend freely]

---

[1] The principle that dismissal without prejudice is proper at this stage of the litigation applies with equal force in securities fraud cases governed by the Private Securities Litigation Reform Act.  *See, e.g., Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1108 (9th Cir. 2003) (stating "dismissals under Rule 12(b)(6) and Rule 9(b) 'should ordinarily be without prejudice'"); *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment").

3

must be obeyed." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) (*citing Forman v. Davis*, 317 U.S. 178, 182 (1962)).

The principles underlying Fed. R. Civ. P. 15(a) would be undermined were the Court to now dismiss GT-US with prejudice just as Lead Plaintiffs have begun to obtain additional evidence that may very well support their allegations. If the Court grants GT-US's Motion, the Court would be prematurely precluding Lead Plaintiffs from ever seeking leave to amend their allegations based on additional evidence that was not available to them previously. *See Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (a dismissal with prejudice has the "effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit").

There are unique facts here that weigh in favor of permitting Lead Plaintiffs an opportunity to later seek leave to amend their claims against GT-US based on newly-discovered evidence, should it be appropriate to do so. Some of the documents that Lead Plaintiffs have begun to receive from GTI relate to issues of agency and control among the members of the Grant Thornton umbrella organization. Lead Plaintiffs anticipate that these documents, which until now were exclusively in GTI's control, as well as other documents and testimony that Lead Plaintiffs will obtain, will reveal that GT-US controlled GTI and that GTI was GT-US's agent and alter ego.[2] Once such evidence is discovered, principles favoring liberal amendment of pleadings dictate that Lead Plaintiffs should be allowed to move to amend their claims against GT-US. *Asoma Corp. v. SK Shipping Co., Ltd*, 53 Fed. Appx. 581, 583 (2d Cir. 2002) (although within the discretion of the district court, leave to amend should be freely granted).

---

[2] Even if the documents and subsequent testimony do not support these facts, it would be improper for the Court to foreclose Lead Plaintiffs from any opportunity to discover whether any such facts exist. *Lewittes*, 2004 WL 1171261, at *3, n.6.

4

The requested relief is also inappropriate because it seeks the Court's opinion on an issue that is not yet ripe for adjudication.  GT-US has been dismissed from the case, and Lead Plaintiffs, at this time, have not sought to amend their claims against GT-US.  Should Lead Plaintiffs find it appropriate to seek leave to amend the SAC to bring GT-US back into the case, only then would the propriety of such amendment be appropriate for resolution by the Court.  That is precisely the grounds for the Court's denial of a similar motion in *First Capital Asset Management, Inc. v. Brickellbush, Inc.*, 2002 WL 413910,*1 (S.D.N.Y. Mar. 15, 2002) (Kaplan, J.).

In *First Capital*, as here, claims against certain defendants were dismissed for failure to state a claim, and the plaintiffs filed an amended complaint which kept the dismissed defendants in the caption and the text.  Also, as here, the plaintiffs in *First Capital* "opted not to seek relief in their amended complaint against these defendants." *Id. at *1*.[3]  The plaintiffs and the defendants filed motions asking the Court to determine whether dismissal of the claims against the defendants in the amended complaint should be with or without prejudice.  The Court denied the motions, finding that the parties were asking for an "advisory opinion." *Id.*  The Court reasoned that the "legal effect" of dismissal against certain defendants against whom plaintiffs opted not to seek relief in the amended complaint, presented an "academic question." *Id.*  Here too, GT-US's Motion raises ripeness concerns:  consideration of it would require the Court to determine now whether at some future time Lead Plaintiffs would or would not meet the standards for obtaining leave to amend under Fed. R. Civ. P 15(a).  *See Forman v. Davis*, 371 U.S. 178, 182 (1962)(setting forth factors to be considered in determining whether to grant leave

---

[3]  Although the SAC contains allegations against GT-US, the parties' stipulation acknowledges that GT-US is no longer a party to this action and need not respond to those allegations.

to amend). Because Lead Plaintiffs have not sought to amend their claims against GT-US, the

Motion amounts to a request that the Court rule in a vacuum and is therefore inappropriate.

## CONCLUSION

For the foregoing reasons, GT-US's motion for entry of an order of dismissal with

prejudice should be denied.

Dated: November 4, 2005

Respectfully submitted,

COHEN, MILSTEIN, HAUSFELD &
  TOLL, P.L.L.C.

By: /s/ Catherine A. Torell
Catherine A. Torell (CT-0905)
150 East 52nd Street
30th Floor
New York, New York  10022
Tel: 212.838.7797

Steven J. Toll
Lisa M. Mezzetti (LM-5105)
Mark S. Willis
Julie Goldsmith Reiser
Joshua S. Devore
1100 New York Avenue, N.W.,
Suite 500, West Tower
Washington, D.C.  20005-3964
Tel: 202.408.4600
Fax: 202.408.4699

Of Counsel:

SPECTOR ROSEMAN & KODROFF, P.C.
Robert M. Roseman
Andrew D. Abramowitz
Daniel J. Mirarchi
Rachel E. Kopp
1818 Market Street, 25th Floor
Philadelphia, PA  19103
Tel: 215.496.0300
Fax: 215.496.6611

GRANT & EISENHOFER, P.A.
Stuart M. Grant (SG-8157)
John C. Kairis (JK-2240)
Diane Zilka (DZ-9452)
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE 19801
Tel: 302.622.7000
Fax: 302.622.7100

James J. Sabella (JS-5454)
45 Rockefeller Center
630 Fifth Avenue
15th Floor
New York, NY  10111
Tel:  646.722.8500
Fax:  646.722.8501

*Co-Lead Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Lead Plaintiffs' Opposition to Grant Thornton LLP's Motion for Entry of an Order of Dismissal with Prejudice was electronically served on all parties registered with the Court's CM/ECF system in this matter.

/s/ Catherine A. Torell
Catherine A. Torell