UNITED STATES DISTRICT COURT     ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re PARMALAT SECURITIES LITIGATION | : | MASTER DOCKET |
| | : | 04 MD 1653 (LAK) |
| This document relates to: 04 Civ 0030 (LAK) | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

# GRANT THORNTON LLP'S REPLY SUPPORTING
## ITS MOTION FOR ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE

 

WINSTON & STRAWN LLP
Bruce R. Braun (BB2505)
Linda T. Coberly (LC8078)
Theodore Z. Polley III (TP8327)
35 West Wacker Drive
Chicago, Illinois 60601
Ph:    312-558-5600
Fax:   312-558-5700

*Of Counsel:*
Margaret Maxwell Zagel
Ronald P. Gould
GRANT THORNTON LLP
175 West Jackson, 20th Floor
Chicago, Illinois 60604
Ph:    312-856-0001
Fax:   312-565-3473


November 14, 2005

**INTRODUCTION**

Grant Thornton LLP ("GT-US") filed this straightforward motion to make explicit what should already be implicit from the Court's docket and to avoid any misperception about the status of the claims against it that still appear in the operative complaint. In granting GT-US's motion to dismiss, this Court gave plaintiffs the opportunity to amend their complaint to add factual allegations in a "***final effort***" to state a claim against GT-US.  June 28, 2005 Opinion at 59 (emphasis added).  Plaintiffs declined that invitation, properly recognizing that they had no factual basis for asserting any claims against GT-US, either directly or through some theory of vicarious liability.  Thus, although their Second Amended Consolidated Class Complaint still purports to assert claims against GT-US, plaintiffs themselves have stipulated that it "does not assert against GT-US any claims other than those dismissed on June 28, 2005" and therefore that "GT-US is no longer a party to this action."  Stipulation and Order (entered 9/13/2005).  Because plaintiffs failed to provide any additional factual allegations to support their claims within the time allotted by the Court, the dismissal of their claims against GT-US should be with prejudice.

Plaintiffs' opposition to this motion reveals their true intention:  to fish for facts to support their baseless claims through discovery in this case and in the *Bondi* litigation.  That is both unfair and flatly inconsistent with the federal securities laws, which require a securities fraud plaintiff to plead its claims without the benefit of pretrial discovery. Plaintiffs have failed to state a claim against GT-US, and they are not entitled to use the discovery process involving the other defendants to search for some basis for making additional allegations against GT-US. Accordingly, this Court can and should enter an order of dismissal with prejudice.

1

## ARGUMENT

This Court should enter an order of dismissal with prejudice for the simple reason that the plaintiffs' Second Amended Consolidated Class Action Complaint includes no new factual allegations to support their claims against GT-US, despite this Court's admonishment that this pleading would represent their "final effort" to do so. As the Second Circuit has explained, even a dismissal under Rule 9(b)—which is "usually without prejudice"—is properly "with prejudice" when "plaintiffs, though offered the opportunity by the District Court, have presented nothing to suggest that they could amend the complaint" to state a claim. *See* In re *Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 266 (2d Cir. 1993) (expressly affirming dismissal of certain claims with prejudice). Here, the dismissal was for failure to state a claim under Rule 12(b)(6), not for lack of specificity under Rule 9(b), and plaintiffs have never indicated—either in their earlier motion papers or in their Second Amended Complaint—how they could possibly transform the facts they have already pleaded into a sufficient allegation to support their claims. In re *American Express Co. Shareholder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994) (rejecting argument that dismissal should have been with leave to amend, when plaintiffs had already amended twice and it was "hardly self-evident that they could transform the facts pleaded into a sufficient allegation").

Plaintiffs have had ample opportunity to plead their claims—in the initial shareholder complaints, in the First Amended Consolidated Class Action Complaint, and now in the pending Second Amended Complaint—and it would be both futile and unfair for them to have yet another bite at the apple. *See McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992) (affirming dismissal without leave to amend when plaintiffs already had one opportunity to amend). The Second Circuit has long recognized that a district court has the power to deny a

plaintiff additional opportunities to amend when he has already had a chance to do so. *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (one factor supporting district court's proper denial of leave to amend was that plaintiffs had not cured the deficiencies in previous amendments); *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (motion to amend "should be denied" if plaintiffs engaged in "undue delay," had a "bad faith or dilatory motive," or had repeatedly failed to cure deficiencies in earlier amendments, or where amendment would be futile or unduly prejudicial); *see also White v. H&R Block, Inc.*, No. 02 Civ. 8965 (MBM), 2004 WL 1698628, at *14 (S.D.N.Y. July 28, 2004) (dismissing complaint without leave to amend because public information contradicted the claims and because complaint had already been amended twice); *John Gil Constr. Inc. v. Riverso*, 99 F. Supp. 2d 345, 358 (S.D.N.Y. 2000) (dismissing complaint without leave to amend where plaintiff had amended "three times without success" on ground that additional attempts "would be both futile and unfair to defendants and this Court"); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

Plaintiffs' suggestion that they should be permitted to continue with discovery and ***then*** seek leave to assert claims against GT-US based on that discovery is flatly inconsistent with the federal securities laws. The PSLRA requires that a plaintiff meet stringent pleading requirements and show the sufficiency of his claims before he can proceed with ***any*** discovery. PSLRA §§ 101(a),(b) (codified at 15 U.S.C. §§ 77z-1(b), 78u-4(b)) (staying all discovery pending resolution of any motion to dismiss); H.R. CONF. REP. No. 369, 104th Cong., 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 736 (to prevent "fishing expedition[s]," PSLRA requires that "courts must stay all discovery pending a ruling on a motion to dismiss"). Thus, under the

securities laws, a complaint "must stand or fall based on the allegations contained therein," and plaintiffs may not obtain discovery—*from anyone*—for the purpose of "uncovering facts to support the fraud allegations" in the complaint. *Faulkner v. Verizon Comm., Inc*., 156 F.Supp.2d 384, 402-04 (S.D.N.Y. 2001); *see also Sedona Corp. v. Ladenburg Thalmann*, No. 03 Civ. 3120 (LTSTHK), 2005 WL 2647945 (S.D.N.Y. Oct. 14, 2005) ("courts have noted that one purpose of the stay provision is to prevent a plaintiff from utilizing discovery to formulate a claim").  Given these requirements, "plaintiffs' suggestion that they must be afforded the opportunity to review additional documents from [a third party] in hopes of finding additional documents that could be used to amend their complaints flies in the face of the objective of the PSLRA's *stay* of discovery, namely, that plaintiffs be able to plead legally sufficient claims *prior* to *any* discovery."  In re *Merrill Lynch & Co., Inc.*, 273 F.Supp.2d 351, 391 n.6 (S.D.N.Y. 2003) (including this among the reasons for denying a motion for leave to amend) (emphasis in original), *aff'd*, *Lentell v. Merrill Lynch & Co., Inc*., 396 F.3d 161 (2nd Cir. 2005).  This Court should not countenance such a blatant attempt to achieve an end run around the PSLRA.

Indeed, if Plaintiffs still intended to resurrect their claims against GT-US—which would certainly prompt GT-US to file a motion to dismiss—then discovery against *all* defendants would have to stop immediately, as the PSLRA stays discovery in a case even when only one of multiple defendants is challenging the sufficiency of the plaintiffs' pleading.  In re *CFS-Related Sec. Fraud Litig.*, 179 F.Supp.2d 1260, 1263 (N.D. Okla. 2001) ("As long as any defendant has filed a motion to dismiss claims arising under Chapter 2B of the 1934 Securities Act, the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants."); *Sedona Corp*., 2005 WL 2647945, at *3 ("stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants, and regardless of whether the motion is brought

4

initially to dismiss a complaint, or subsequently, in response to an amended complaint"); *see also Faulkner*, 156 F.Supp.2d at 406 (denying motion to lift discovery stay after motion to dismiss was granted, where plaintiff intended to file an amended complaint and defendant sought permission to move to dismiss). This is precisely why it was appropriate for this Court to give plaintiffs a deadline by which they would have to make any "final effort" to state a claim against GT-US; if plaintiffs were able to amend liberally at any time, then the discovery process in a case as complex as this one would start and stop repeatedly and would be impossible to manage. Given these basic principles, it would be fundamentally unfair and illegitimate for plaintiffs to be allowed to plead new facts against GT-US later based on materials obtained in discovery against the other defendants.[1]

Finally, this motion is neither premature nor unripe, as Plaintiffs suggest. Plaintiffs rely on this Court's decision in *First Capital Asset Management, Inc. v. Brickellbush, Inc.*, No. 00 Civ. 5597 (LAK), 2002 WL 413910 (S.D.N.Y. Mar. 15, 2002), to argue that the issues presented by this motion are "not yet ripe for adjudication." Opp. at 5-6. But *First Capital* was not a securities case, and thus the discovery issues presented above were not implicated there. Moreover, the procedural posture of *First Capital* was different from the instant case in a critical respect. In *First Capital*, after this Court dismissed the plaintiffs' initial complaint, they filed a new complaint that did ***not*** assert any claims against a certain group of defendants. Those defendants then moved to dismiss the new complaint with prejudice, and the plaintiffs moved to dismiss it without prejudice. This odd situation—where both plaintiffs and defendants were seeking to dismiss a complaint that asserted no claims against those defendants—caused this

---

[1] Plaintiffs' suggestion that they "are coordinating document discovery with Dr. Enrico Bondi, the plaintiff in the MDL action, against GTI ***and GT-US***" (Opp. at 2 (emphasis added)) is disturbing and misleading. Plaintiffs are not empowered to obtain party discovery against GT-US at all, either in this litigation or through the *Bondi* litigation.

5

Court to deny both motions on the ground that they were effectively seeking "an advisory opinion." 2002 WL 413910, at *1. Here, by contrast, the complaint purports to reassert the same claims that were already dismissed—claims that plaintiffs themselves have stipulated that they have no intention of pursuing. This Court can and should issue the order requested in this motion to clarify the status of those claims—and may do so without risk of rendering an advisory opinion.

Indeed, it was plaintiffs' strategic choice to include their insufficient claims in the Second Amended Complaint that prompted GT-US to file this motion in the first place. After this Court held that plaintiffs had failed to state a claim against GT-US, plaintiffs could have sought final judgment against GT-US and pursued an immediate appeal under Rule 54(b). Rather than taking that approach, however, plaintiffs chose instead to reassert the same claims in their Second Amended Complaint—though without any additional factual allegations—ostensibly in an effort to preserve the claims for an appeal after final judgment in the case. *See* Letter from James J. Sabella to Hon. Lewis A. Kaplan (Aug. 22, 2005) (stating that "the claims and parties dismissed by Your Honor's opinions" were included in the Second Amended Complaint "[s]o as not to prejudice in any way Plaintiffs' appellate rights").[2] This strategy placed GT-US in an awkward position. Although plaintiffs have stipulated that "GT-US is no longer a party to this action and need not respond to the Second Amended Complaint," and this Court entered that stipulation, the fact remains that those claims still appear in the operative complaint on file with the Court. Indeed, were it not for the stipulation entered by the parties, an outsider (or a member of the media) examining the docket and the Second Amended Complaint would have had to spend a

---

[2] It is far from clear that a party is required to reassert dismissed claims in order to preserve them for a later appeal. *See* In re *Crysen/Montenay Energy Co.*, 226 F.3d 160 (2d Cir. 2000) (holding that a defense not repleaded in several amended answers was not waived for purposes of appeal, and commenting: "We see no reason to require repleading of a claim or defense that explicitly has been denied.").

6

significant amount of time comparing the old allegations with the new before possibly understanding that all the claims against GT-US in the operative complaint have actually been dismissed. For this reason as well, this Court can and should enter an order making clear that those claims have been dismissed and may not be reasserted.

## CONCLUSION

For the reasons set forth above, GT-US's motion for entry of an order of dismissal with prejudice should be granted.

November 14, 2005

                                                By:    /S/ Linda T. Coberly

                                                        Bruce R. Braun (BB2505)
                                                        Linda T. Coberly (LC8078)
                                                        Theodore Z. Polley III (TP8327)
                                                        WINSTON & STRAWN LLP
                                                        35 West Wacker Drive
                                                        Chicago, Illinois 60601
                                                        Ph:    312-558-5600
                                                        Fax:   312-558-5700

*Of Counsel*
Margaret Maxwell Zagel
Ronald P. Gould
Grant Thornton LLP
175 West Jackson, 20th Floor
Chicago, Illinois 60604
Ph:    312-856-0001
Fax:   312-565-3473