```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
In re PARMALAT SECURITIES LITIGATION                    MASTER DOCKET

This document relates to:    06 Civ. 0383, 06 Civ. 1768,
                             06 Civ. 1769                04 MD 1653 (LAK)
------------------------------------------x
```

## ORDER

LEWIS A. KAPLAN, *District Judge*.

      The first of the many actions now consolidated under this heading (04 Civ. 0030) was commenced in this district in January 2004. By order dated May 11, 2004, it was consolidated with two other actions. Paragraph 4 of that order provided:

> "All related actions subsequently filed in, or transferred to, this district shall be consolidated into this action, and shall be governed by this order, absent other order of this Court. Any party to such an action objecting to consolidation, or to any provision of this order, not later than ten days after the date a copy of this order is sent to it or its counsel, shall file a motion setting forth such objections."

Subsequently, the Judicial Panel on Multidistrict Litigation (the "Panel") granted a motions to transfer other actions to this Court for pretrial proceedings coordinated and consolidated with those pending here.

      The first of the three captioned actions (06 Civ. 0383) was commenced in this district and, by order dated February 22, 2006, consolidated for all pretrial purposes with the MDL. The others were commenced in United States District Courts in Iowa and transferred to this Court for coordinated or consolidated pretrial proceedings by the Judicial Panel on Multidistrict Litigation.

      Counsel for plaintiff in 06 Civ. 0383 now has written to object to the consolidation of that action with the MDL for pretrial purposes. Counsel for plaintiffs in 06 Civ. 1768 and 1769 also have written, they to "strenuously object to consolidation of their actions 'for all purposes' . . . pursuant to the May 11, Order." These objections are without merit.

      There simply is no good reason why 06 Civ. 0383 should not be consolidated with the MDL for pretrial purposes. Even the most cursory review of plaintiff's 352-page, 1,309 paragraph first amended complaint (arguably an abuse in its own right, *see* FED. R. CIV. P. 8(a)), demonstrates the massive overlap between the issues tendered by plaintiff in that case and those presented in the MDL. The notion that the MDL and this case should proceed without regard to each other, which is implicit in plaintiff's submission, is unworthy of further comment.

So far as 06 Civ. 1768 and 1769 are concerned, plaintiffs' counsel ignores the fact that the cases were transferred to this Court by the Panel, the power of which is limited to transferring cases "for coordinated or consolidated *pretrial* proceedings." 28 U.S.C. § 1407 (emphasis added). Certainly this Court's May 11, 2004 order (which antedated the transfer of these actions by nearly two years) neither was intended to consolidate, nor could have consolidated, "for all purposes" cases transferred to it by the Panel. Indeed, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998), makes clear that a transferee court may not transfer to itself for all purposes an action transferred to it for pretrial purposes by the Panel.

Accordingly, to the extent that counsels' letters may be regarded as applications for relief, they are denied.

SO ORDERED.

Dated: March 28, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)