UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION<br><br>This document relates to: 04 Civ. 0030 (LAK) | MASTER DOCKET<br><br>04 MD 1653 (LAK) ECF Case<br><br>ELECTRONICALLY FILED |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION *IN LIMINE* FOR AN ORDER THAT A CERTAIN
REPORT CONTAINING FACTUAL FINDINGS RESULTING FROM
AN INVESTIGATION MADE PURSUANT TO AUTHORITY GRANTED
BY LAW SATISFIES THE HEARSAY EXCEPTION OF FED. R. EVID. 803(8)**

*Of Counsel*:

**SPECTOR ROSEMAN & KODROFF, P.C.**
Robert M. Roseman
Andrew D. Abramowitz
Daniel J. Mirarchi
Rachel E. Kopp
1818 Market Street, 25th Floor
Philadelphia, PA 19103
215-496-0300

**GRANT & EISENHOFER, P.A.**
Stuart M. Grant (SG-8157)
James J. Sabella (JS-5454)
John C. Kairis (JK-2240)
Diane Zilka (DZ-9452)
45 Rockefeller Center, 15th Floor
New York, NY 10111
646-722-8500

**COHEN, MILSTEIN, HAUSFELD &
  TOLL, P.L.L.C.**
Steven J. Toll
Lisa M. Mezzetti (LM-5105)
Mark S. Willis
Julie Goldsmith Reiser
Joshua S. Devore
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005-3964
202-408-4600

*Co-Lead Counsel for Plaintiffs*

## Table of Contents

|  | Page |
|---|---|

Table of Authorities..................................................................................................................ii

STATEMENT OF FACTS.........................................................................................................1

    A.    The Criminal Investigations ...........................................................................................1

    B.    The Report That Is the Subject of This Motion..............................................................2

ARGUMENT...............................................................................................................................3

I.    IT IS APPROPRIATE AND EFFICIENT FOR THE COURT TO ADDRESS THE ADMISSIBILITY OF THE POLICE REPORT AT THIS JUNCTURE....................3

II.    THE POLICE REPORT SATISFIES RULE 803(8)..............................................................4

    A.    The Police Report Constitutes Factual Findings Resulting From an Investigation Made Pursuant to Authority Granted by Law.........................................4

    B.    There Are No Circumstances Indicating Lack of Trustworthiness .................................5

    C.    The Fact That the Police Report Relates to a Foreign Investigation Does Not Affect Admissibility Under Rule 803(8)........................................................6

CONCLUSION ...........................................................................................................................7

# Table of Authorities

Page

Cases:

*Beech Aircraft Corp. v. Rainey*,
    488 U.S. 153, 109 S. Ct. 439 (1988) ............................................................................ 4

*Berger v. United States*,
    295 U.S. 78, 55 S. Ct. 629 (1935) .................................................................................. 6

*Bradford Trust Co. of Boston v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    805 F.2d 49 (2d Cir. 1986) .................................................................................... 4, 5, 6

*Lloyd v. American Export Lines, Inc.*,
    580 F.2d 1179 (3d Cir. 1978) ........................................................................................ 6

*Melridge, Inc. v. Heublein*,
    125 B.R. 825 (D. Ore. 1991) ..................................................................................... 5, 6

*Morgan Guaranty Trust Co. v. Hellenic Lines Ltd.*,
    621 F. Supp. 198 (S.D.N.Y. 1985) ................................................................................ 7

*In re Parmalat Sec. Litig.*,
    376 F. Supp. 2d 472 (S.D.N.Y. 2005) ........................................................................... 2

*Parsons v. Honeywell, Inc.*,
    929 F.2d 901 (2d Cir. 1991) .......................................................................................... 5

*Spainerman Gallery v. Merritt*,
    No. 00 Civ. 5712 (LTS), 2003 WL 22909160 (S.D.N.Y. Dec. 9, 2003) ....................... 5

*Tokio Marine Mgmt., Inc. v. M/V Zim Tokyo*,
    No. 91 Civ. 0063 (PKL), 1993 WL 322869 (S.D.N.Y. Aug. 17, 1993) ....................... 5

*United States v. Demjanjuk*,
    367 F.3d 623 (6th Cir. 2004) ........................................................................................ 6

*United States v. Garland*,
    991 F.2d 328 (6th Cir. 1993) ................................................................................. 4, 5-6

*United States v. Grady*,
    544 F.2d 598 (2d Cir. 1976) .......................................................................................... 6

*United States v. Szehinskyj*,
    104 F. Supp. 2d 480 (E.D. Pa. 2000) ................................................................... 5-6

*Yongo v. Immigration & Naturalization Serv.*,
    355 F.3d 27 (1st Cir. 2004) .................................................................................... 6

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
    505 F. Supp. 1125 (E.D. Pa. 1980) ..................................................................... 4, 6

Statutes and Rules:

Fed. R. Evid. 803(8) ................................................................................................. *passim*

Miscellaneous:

Notes of the Advisory Committee on Rule 803 ................................................................ 5

Plaintiffs Hermes Focus Asset Management Europe, Ltd., Cattolica Partecipazioni S.p.A., Solotrat, Societe Moderne des Terrassements Parisiens, and Capital & Finance Asset Management S.A. (collectively, "Lead Plaintiffs"), respectfully submit this memorandum of law in support of their motion *in limine* for an order providing that a certain report prepared by the police in Italy relating to the factoring fraud engaged in by Ifitalia S.p.A. (a subsidiary of defendant Banca Nazionale del Lavoro ("BNL")) satisfies the hearsay exception of Fed. R. Evid. 803(8).[1]

## STATEMENT OF FACTS

### A. The Criminal Investigations

As alleged in the Second Amended Complaint (the "Complaint" or "Cplt."), beginning in at least the early 1990s, Defendants (both in Italy and through their affiliates in the U.S. and elsewhere) engaged in a global scheme with Parmalat[2] in which they masterminded, structured and directly participated in a series of complex transactions that were specifically designed to and did materially overstate Parmalat's revenue, income and assets, and materially understate its debt. Their scheme created for investors a decidedly false picture of a thriving, financially sound enterprise. This portrayal could not have been further from the truth, and when Parmalat's true financial condition was revealed, a series of events quickly unfolded which culminated in the Company being driven into bankruptcy.

---

[1] Lead Plaintiffs are not asking the Court on this motion to decide whether every page of the Report here at issue will be admissible at trial, but merely that the Rule 803(8) hearsay exception applies. Other specific objections to admissibility of any portion of the Report will, of course, need to be addressed at a later juncture.

[2] Parmalat Finanziaria S p A , Parmalat S.p.A., Eurolat S.p.A., Lactis S p A., Parmatour S p A., Coloniale S p.A., Hit S p A , Hit International S.p.A., Nuova Holding S p A , Geslat Srl, Parmengineering Srl, Contal Srl, Parma Food Corporation BV, Dairies Holding International BV, Parmalat Capital Netherlands BV, Parmalat Finance Corporation BV, Parmalat Netherlands BV, Olex SA, Parmalat Soparfi SA, Eurofood IFSC Limited, Eliair Srl, Newco Srl, Panna Elena C P.C Srl, Centro Latte Centallo Srl, Taurolat Srl, G.F.A Srl, SAF Srl, PARMA A.C. S.p.A., F.lli Strini Srl, Parmalat Molkerei GMBH, Deutsche Parmalat GMBH, Streglio S.p.A., Hit.com S.p.A., Going Tour Operator S.p.A., Emmegi Agro Industriale Srl, Parmalat Malta Holding Ltd, Parmalat Trading Limited, and Boschi Luigi & Figli S.p.A. (collectively "Parmalat").

1

The Parmalat fraud also led to an investigation by the Securities and Exchange Commission and criminal investigations in at least two Italian jurisdictions, Milan and Parma, which have resulted in indictments of numerous individuals and entities involved in the fraud, including, *inter alia*:

> Citibank N.A.
> Paolo Botta of Citibank, N.A.
> Deloitte & Touche S.p.A.
> Adolfo Mamoli of Deloitte & Touche S.p.A.
> Giuseppe Rovelli of Deloitte & Touche S.p.A.
> Italaudit S.p.A. (formerly Grant Thornton S.p.A.)
> Maurizio Bianchi of Grant Thornton S.p.A.
> Lorenzo Penca of Grant Thornton S.p.A.
> Luca Sala of the Bank of America
> Luis Moncada of the Bank of America
> Antonio Luzi of the Bank of America
> Giaime Cardi of Credit Suisse First Boston
> Paolo Sciume of Ifitalia S.p.A. (Banca Nazionale del Lavoro)
> Gian Paolo Zini of Pavia *e* Ansaldo
> Maria Martellini, Parmalat statutory auditor
> Nextra Investment Management, affiliate of Banca Intesa

### B.   The Report That Is the Subject of This Motion

In connection with their investigation into the Parmalat fraud, the police in Italy investigated one of the schemes alleged in the Complaint herein, namely, the factoring scheme whereby Ifitalia paid Parmalat cash in exchange for the repeated assignment of old invoices that both parties knew were uncollectible, with an agreement by Parmalat guaranteeing payment to Ifitalia of the full face amount of the invoices. *See In re Parmalat Sec. Litig.*, 376 F. Supp. 2d 472, 488 (S.D.N.Y. 2005). The police investigation culminated in a police report dated October 27, 2004 (the "Police Report"). A certified English translation of the Police Report is attached as Exhibit 1 to the Declaration of James J. Sabella, dated June 20, 2006.

2

## ARGUMENT

### I. IT IS APPROPRIATE AND EFFICIENT FOR THE COURT TO ADDRESS THE ADMISSIBILITY OF THE POLICE REPORT AT THIS JUNCTURE

Lead Plaintiffs recognize that motions *in limine* are commonly made just prior to trial and not, as here, at an early stage of discovery. The circumstances in this case, however, differ from those in the garden variety case and necessitate, Lead Plaintiffs submit, a different approach. Lead Plaintiffs believe that a decision that the Police Report satisfies Rule 803(8) could significantly reduce the burden of many aspects of discovery in this complex mega-case.

Discovery in this case is a staggering exercise. Millions of pages of documents, many in Italian (and other languages other than English), have been produced by the parties. The parties have indicated that they propose to depose hundreds of witnesses, located in cities around the globe. Fifteen hundred hours of depositions are expected to be taken. The burden and expense of completing discovery is enormous.

If the Police Report is held to satisfy Rule 803(8), it should be possible for the parties to forego a substantial amount of discovery that would otherwise be necessary. The Police Report contains, *inter alia*, analysis of the complicated Ifitalia factoring scheme and the conduct relating thereto by employees of Ifitalia and of Parmalat. Absent use of the Police Report, the parties will need to conduct extensive discovery to prove many of these facts concisely set forth therein. Conversely, if the Police Report can be used at trial, some depositions might be dispensed with entirely, and the length of others significantly reduced. These gains in efficiency and economy militate strongly in favor of a ruling at this time on the applicability of Rule 803(8).

### II. THE REPORT SATISFIES RULE 803(8)

Federal Rule of Evidence 803 provides in relevant part:

3

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> \* \* \* \*
>
> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the government in criminal cases, **factual findings resulting from an investigation made pursuant to authority granted by law**, unless the sources of information or other circumstances indicate lack of trustworthiness.

(Emphasis added.)

Rule 803(8) "is premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports." *Bradford Trust Co. of Boston v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 805 F.2d 49, 54 (2d Cir. 1986). The rule "does not create a distinction between facts and opinions contained in public records," and "portions of investigatory reports containing factual information are admissible under 803(8)(C) despite the fact that they may state a conclusion or opinion." *United States v. Garland*, 991 F.2d 328, 334-35 (6th Cir. 1993) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 164, 170, 109 S. Ct. 439, 447, 450 (1988)). Rule 803(8)(C) is "broad enough to encompass any statement of fact that represents a conclusion on the part of an investigator and . . . such factual statements need not be formally termed 'findings' in order to come in under 803(8)(C)." *Zenith Radio Corp v Matsushita Elec. Indus. Co*, 505 F. Supp. 1125, 1144 (E.D. Pa. 1980).

The Police Report satisfies the requirements for application of this Rule.

### A.     The Police Report Constitutes Factual Findings Resulting From an Investigation Made Pursuant to Authority Granted by Law

The Police Report was prepared by the police in Italy as part of their investigation to unravel the Parmalat transactions and determine who had engaged in criminal activity. As such,

4

the Police Report clearly constitutes the result of an investigation made pursuant to authority granted by law.

Police and FBI reports are routinely held to fall within the provisions of Rule 803(8). "As is true for police reports, FBI reports are admissible in evidence . . . as public records, *see* Fed. R. Evid. 803(8)." *Spainerman Gallery v. Merritt*, No. 00 Civ. 5712 (LTS), 2003 WL 22909160, at *5 (S.D.N.Y. Dec. 9, 2003); *see also Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991) ("the police report itself would be admissible as a public record [under] Fed. R. Evid. 803(8)"); *Bradford*, 805 F.2d at 54 (FBI investigative reports satisfy Rule 803(8)(C)); *Tokio Marine Mgmt., Inc. v. M/V Zim Tokyo*, No. 91 Civ. 0063 (PKL), 1993 WL 322869, at *9 (S.D.N.Y. Aug. 17, 1993) ("It is well settled that the police report itself would be admissible as an exception to the hearsay rule . . . under Fed. R. Evid. 803(8).").

Illustrative is *Melridge, Inc. v. Heublein*, 125 B.R. 825 (D. Ore. 1991), which involved questions as to what became of certain funds that had been in certain accounts. A party sought to admit a Swiss police report that stated that "cash payments went to Heublein and to Buchecker." *Id.* at 829. The court held: "This is a 'factual finding resulting from an investigation,' and the statement thus falls within the exception to the hearsay rule set forth in Rule 803(8)(C)." *Id.*

**B.     There Are No Circumstances Indicating Lack of Trustworthiness**

Once a document falls within the language of Rule 803(8), it is presumptively admissible. *See* Notes of the Advisory Committee on Rule 803 (the Rule "assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present"). For a document within the scope of Rule 803(8) to be excluded from evidence, "there must be 'an affirmative showing of untrustworthiness . . . .'" *Bradford*, 805 F.2d at 54 (quoting *Kehm v Procter & Gamble Mfg. Co.*, 724 F.2d 613, 618 (8th Cir. 1983)). The "burden of showing lack

5

of trustworthiness as a reason for inadmissibility is on the opponent of the evidence." *Garland*, 991 F.2d at 335.

The fact that the Police Report was prepared by the police weighs heavily against any finding of untrustworthiness. As stated in *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1191 (3d Cir. 1978):

> A prosecutor or an investigating officer represents no ordinary party. He shoulders a peculiar kind of duty, even to his very adversary, a duty which is foreign to the adversarial process among ordinary litigants. The prosecutor, it is true, must seek to vindicate the rights of the alleged victim, but his interests go far beyond that. His interest in a prosecution is not that he shall win a case, but that justice shall be done.

*See also Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 633 (1935) (a federal prosecutor represents "a sovereignty whose obligation [is] to govern impartially . . . . As such, he is in a peculiar and very definite sense the servant of the law").

### C. The Fact That the Police Report Relates to a Foreign Investigation Does Not Affect Admissibility Under Rule 803(8)

The foregoing analysis is not altered by the fact that the document here at issue is the result of an investigation conducted by foreign governmental entities under foreign law. Courts repeatedly have held that "[t]he fact that the documents are foreign and not domestic does not affect their admissibility under" Rule 803(8)(C). *Melridge*, 125 B.R. at 829. "Obviously, 803(8)(C) also encompasses the findings of public offices or agencies of state and foreign governments." *Zenith*, 505 F. Supp. at 1144 n.11. *See, e.g., United States v. Demjanjuk*, 367 F.3d 623, 631 (6th Cir. 2004) (Nazi records); *Yongo v. Immigration & Naturalization Serv.*, 355 F.3d 27, 31 (1st Cir. 2004) (German immigration records); *United States v. Grady*, 544 F.2d 598, 604 (2d Cir. 1976) (records of the Royal Ulster Constabulary); *United States v. Szehinskyj*, 104

6

F. Supp. 2d 480, 492 (E.D. Pa. 2000) (German records); *Morgan Guaranty Trust Co. v. Hellenic Lines Ltd.*, 621 F. Supp. 198, 217 (S.D.N.Y. 1985) (Greek records).

## CONCLUSION

For the reasons set forth herein, it is respectfully submitted that the Court should issue an order that the Police Report satisfies the requirements of Fed. R. Evid. 803(8).

Dated: New York, New York
June 23, 2006

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

*/s/ John C. Kairis*

Stuart M. Grant (SG-8157)
James J. Sabella (JS-5454)
John C. Kairis (JK-2240)
Diane Zilka (DZ-9452)
45 Rockefeller Center, 15th Floor
New York, NY 10111
646-722-8500

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Steven J. Toll
Lisa M. Mezzetti (LM-5105)
Mark S. Willis
Julie Goldsmith Reiser
Joshua S. Devore
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005-3964
202-408-4600

*Co-Lead Counsel for Plaintiffs*

*Of Counsel*

**SPECTOR ROSEMAN & KODROFF, P.C.**
Robert M. Roseman
Andrew D. Abramowitz
Daniel J. Mirarchi
Rachel E. Kopp
1818 Market Street, 25th Floor
Philadelphia, PA 19103
215-496-0300