UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re PARMALAT SECURITIES LITIGATION    )    MASTER DOCKET
                                        )    No. 04-MD-1653 (LAK) ECF Case
                                        )
                                        )
                                        )
This document related to:  All cases    )    Electronically Filed
                                        )
                                        )
                                        )
_____)

**DEFENDANT DELOITTE & TOUCHE S.P.A.'S
JOINDER IN BANK OF AMERICA'S RESPONSE TO DR. BONDI'S OBJECTION
TO MAGISTRATE JUDGE PITMAN'S DECEMBER 1, 2006 ORDER**

Defendant Deloitte & Touche S.p.A. ("DT/Italy") respectfully joins in Bank of

America's Response to Dr. Bondi's Objection to Magistrate Judge Pitman's December 1, 2006

Order ("Bank of America's Response").[1]

DT/Italy submits that the Court should overrule Dr. Bondi's Objection for the

reasons set forth in Bank of America's Response.  DT/Italy has an interest in the outcome of Dr.

Bondi's Objection because the Court's decision may affect DT/Italy's privilege claims with

respect to its own documents that were seized by Italian prosecutors.

In further support of its Response, DT/Italy asserts the following:

1) Dr. Bondi entered into an agreement with DT/Italy – just as with Bank of

America – that seizure of privileged documents by Italian prosecutors does not amount to waiver

of the attorney-client privilege.  Dr. Bondi proposed this agreement in December 2005 for

treatment of *his* privileged documents, and DT/Italy accepted, on condition that the agreement

apply to both parties' privileged documents.  *See* L. Kieve letters of December 16, 2005; P.

_____

[1]  DT/Italy also respectfully joins in Bank of America's Response to Joinder of Lead
Plaintiffs in Bondi's Objection to Magistrate Judge Pitman's December 1, 2006 Order.

Chudy letter of December 23, 2005; L. Kieve letter of December 29, 2005, attached as Exhibits A-C, respectively.  Dr. Bondi seeks to dishonor his commitment even though nothing has changed since the agreements were entered into.  It was always the case that the Italian prosecutors might in certain circumstances make the documents available to other parties in the criminal proceedings.  However, as Bank of America points out in its Response, Dr. Bondi's assertion that the documents seized by Italian prosecutors have been "disseminated" to "tens of thousands" of parties in the Italian proceedings is simply untrue.  *See* Bank of America's Response at 15-17.  The documents in question are no more "public" now than they were a year ago.

More importantly, Dr. Bondi's contention that the privileged documents are now public is immaterial.  As the numerous authorities cited in Bank of America's Response make clear,[2] the dissemination of DT/Italy's privileged documents obtained by compulsion cannot vitiate the privilege.  *See, e.g., Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 365 (E.D.N.Y. 1997) (holding that the public disclosure of a stolen privileged document did not amount to a waiver of the privilege); *Resolution Trust Corp. v. Dean*, 813 F. Supp. 1426, 1429 (D. Ariz. 1993) ("Communications which were intended to be confidential but are intercepted despite reasonable precautions remain privileged." (quoting J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE § 503(a)(4)[01] (1982 ed.)).

2) Dr. Bondi's agreement embodies the bedrock principle of the law of attorney-client privilege that compelled disclosure does not constitute a waiver.  *See, e.g., Duttle v. Bandler & Kass*, 127 F.R.D. 46, 56 n. 5 (S.D.N.Y. 1989) ("Only a voluntary or perhaps inadvertent disclosure to third parties would constitute a waiver; compelled disclosure does

---

[2] *See* Bank of America's Response at 6-9.

client and may be waived *only by the client's voluntary disclosure*") (emphasis added).  He now cites no case law to the contrary.  This Court's ruling concerning the OCC dispute addresses a different species of privilege that is not governed by centuries of common-law recognition, principle and policy.

For the foregoing reasons, as well as those set forth in Bank of America's Response, DT/Italy respectfully requests that Dr. Bondi's Objection to Magistrate Judge Pitman's December 1, 2006 Order be overruled.

Dated:  New York, New York
December 28, 2006

HELLER EHRMAN LLP

By:  /s/ Richard A. Martin

Richard A. Martin (RM-7668)
Kevin J. Toner (KT-2247)
Patryk J. Chudy (PC-8815)

Times Square Tower
7 Times Square
New York, New York 10036
(212) 832-8300

*Attorneys for Deloitte & Touche S.p.A.*

3