UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re: PARMALAT SECURITIES LITIGATION          MASTER DOCKET
                                               :    04 MD 1653 (LAK) ECF Case

This document relates to:  04 Civ. 0030        :    ELECTRONICALLY FILED

                                                             :

-------------------------------------------------------------x


**JOINT SURREPLY OF CREDIT SUISSE GROUP, CREDIT SUISSE,
CREDIT SUISSE INTERNATIONAL AND CREDIT SUISSE SECURITIES (EUROPE)
LIMITED AND BANCA NAZIONALE DEL LAVORO, S.p.A. IN FURTHER OPPOSITION TO
LEAD PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**


ALLEN & OVERY LLP
Michael S. Feldberg (MF-3974)
Todd S. Fishman (TF-0380)
Lanier Saperstein (LS-3345)
Sarah Havens (SH-1185)
1221 Avenue of the Americas
New York, New York 10020
Tel: 212-610-6300

*Attorneys for Defendants*
  *Credit Suisse Group, Credit Suisse,*
  *Credit Suisse International and Credit*
  *Suisse Securities (Europe) Limited*

DAVIS POLK & WARDWELL
Dennis E. Glazer (DG-2289)
Nancy B. Ludmerer (NL-4309)
Antoinette G. Ellison (AE-1123)
450 Lexington Avenue
New York, New York  10017
Tel: 212-450-4000

*Attorneys for Defendant*
  *Banca Nazionale del Lavoro, S.p.A.*

December 28, 2006

Pursuant to this Court's Order dated December 8, 2006, defendants Credit Suisse Group, Credit Suisse, Credit Suisse International and Credit Suisse Securities (Europe) Limited (together, the "Credit Suisse Entities") and Banca Nazionale del Lavoro, S.p.A. ("BNL") respectfully submit this joint surreply in further opposition to lead plaintiffs' renewed motion for class certification. While the Credit Suisse Entities and BNL have reached an agreement with plaintiffs to settle this case and believe that the settlement will be consummated, they submit this surreply to preserve their rights in the event it is not.

In their reply papers, plaintiffs seek to substantiate for the first time their claim that class resolution is a superior method to adjudicate the claims of U.S.-resident purchasers of Parmalat securities. This argument cannot be sustained on the record before this Court. See In re Initial Public Offering Sec. Litig., No. 05-3349-CV, 2006 WL 3499937, at *11, *15 (2d Cir. Dec. 5, 2006).

In a report submitted in conjunction with their reply papers, plaintiffs' own market expert confirms that "most US-affiliated investors in Parmalat securities are . . . accredited investors." (Hakala Decl. ¶ 63.)[1] But plaintiffs offer no evidence, whether by affidavit or otherwise, that a single U.S. institutional investor is willing to participate in this putative class action. By marked contrast, several large institutional bondholders, who purchased in the U.S. private placement market, have filed direct actions against Bank of America as part of these multidistrict litigation proceedings. Other U.S. institutional investors have sought relief in Parmalat-related insolvency proceedings in the United States and Italy, proving their ability and incentive to proceed independently when appropriate and in their perceived economic interest to do so. A class action is not required to ensure that the claims of

---

[1]    References to the Expert Report and Declaration of Scott D. Hakala, Ph.D., CFA Regarding Market Efficiency are shown as "Hakala Decl. ¶ ___."

U.S. institutional investors, who are the bulk of U.S. resident purchasers, are heard.  See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 617, 117 S. Ct. 2231, 2246 (1997); Stoudt v. E.F. Hutton & Co., 121 F.R.D. 36, 38 (S.D.N.Y. 1988).

Plaintiffs also offer no evidence that there are numerous U.S. retail investors of Parmalat securities.  Plaintiffs' expert simply asserts that "Parmalat shares were occasionally reported on the NASD in the US" and then suggests, by extension, that this is "evidence that there were hundreds of . . . US retail investors over time." (Hakala Decl. ¶ 59.)  But this suggestion is pure *ipse dixit*.  Plaintiffs' expert provides no evidentiary support for his suggestion.  He does not offer any details about the NASD trades.  He does not indicate how or why those trades necessarily reflect investments by retail investors.  Equally damning is the "over time" qualifier used by plaintiffs' expert: he provides no confirmation that the purported U.S. retail trades even occurred within the class period.

Plaintiffs' choice of class representative conclusively undermines their bid to justify class treatment for the claims of U.S. resident purchasers.  Only the married couple Laura and Arch Sturaitis has standing to sue the Credit Suisse Entities and BNL, and they are neither typical of their constituent class of predominantly institutional investors nor adequate under the law.

In short, the undisputed evidence regarding the composition of U.S. resident purchasers of Parmalat securities, plaintiffs' failure to show the existence of an appreciable number of retail purchasers in the United States, and plaintiffs' inability to proffer typical or adequate representatives to advance the claims of the U.S. purchasers, all refute the element that a litigation class is the superior method for adjudicating the claims of U.S. purchasers of

Parmalat securities, a showing plaintiffs must make by the preponderance of the evidence.[2] For those reasons and the reasons previously stated in their opposition papers, the Credit Suisse Entities and BNL respectfully request that the Court deny plaintiffs' motion for class certification.

Dated:  New York, New York
        December 28, 2006

                                            Respectfully submitted,

ALLEN & OVERY LLP                           DAVIS POLK & WARDWELL

By:  /s/ Michael S. Feldberg               By:  /s/ Dennis E. Glazer
     Michael S. Feldberg (MF-3974)              Dennis E. Glazer (DG-2289)
     Todd S. Fishman (TF-0380)                  Nancy B. Ludmerer (NL-4309)
     Lanier Saperstein (LS-3345)                Antoinette G. Ellison (AE-1123)
     Sarah Havens (SH-1185)                 450 Lexington Avenue
1221 Avenue of the Americas                 New York, New York  10017
New York, New York 10020                    Tel: 212-450-4000
Tel:  212-610-6300
                                            *Attorneys for Defendant*
*Attorneys for Defendants*                      *Banca Nazionale del Lavoro, S.p.A.*
    *Credit Suisse Group, Credit Suisse,*
    *Credit Suisse International, Credit Suisse*
    *Securities (Europe) Limit*

---

[2]    The superiority problems with the proposed litigation class arguably are not present if certification is sought for settlement purposes. See, e.g., In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 792 (3d Cir. 1995) ("the use of a settlement class in some sense enhances plaintiffs' right to opt out" because "the plaintiff is offered the opportunity to opt out of the class simultaneously with the opportunity to accept or reject the settlement offer" and therefore "the plaintiff knows exactly what result he or she sacrifices when opting out"); In re Prudential Sec. Inc. Ltd. P'ships Litig., 163 F.R.D. 200, 205 (S.D.N.Y. 1995) (Pollack, J.) ("a settlement class in complex litigation . . . actually enhances absent class members' opt out rights because the right to exclusion is provided simultaneously with the opportunity to accept or reject the terms of a proposed settlement").

3