UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re: PARMALAT SECURITIES LITIGATION

This document relates to: 04 Civ. 0030 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Master Docket
04 MD 1653 (LAK) ECF Case

<u>REDACTED</u>

<u>FILED ELECTRONICALLY</u>

REPLY MEMORANDUM OF LAW OF DEFENDANTS DELOITTE TOUCHE
TOHMATSU, DELOITTE & TOUCHE LLP, AND JAMES E. COPELAND
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

KRAMER LEVIN NAFTALIS & FRANKEL
1177 Avenue of the Americas
New York, NY 10036
Tel.: 212-715-9100

*Attorneys for Defendants*
*Deloitte Touche Tohmatsu and*
*James E. Copeland*

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Tel.: 212-450-4000

*Attorneys for Defendant*
*Deloitte & Touche LLP*

Dated: December 28, 2006

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ......................................................................................... ii

ARGUMENT ............................................................................................................... 1

POINT I:    RULE 12(G) AND THE LAW OF THE CASE DO NOT
            PRECLUDE THIS MOTION .......................................................... 1

POINT II:   THE FOREIGN PLAINTIFFS CANNOT ALLEGE OR
            PROVE A PRIMARY VIOLATION OF THE SECURITIES
            LAWS BY DELOITTE ITALY, REQUIRING DISMISSAL
            OF THEIR VICARIOUS LIABILITY CLAIMS AGAINST
            DTT, DELOITTE US, AND JAMES E. COPELAND ................... 3

POINT III:  THE FACTS REVEALED IN DISCOVERY CONFIRM
            THAT DTT, DELOITTE US, AND MR. COPELAND
            DID NOT ENGAGE IN ANY ACTS IN FURTHERANCE
            OF THE ALLEGED FRAUD ............................................................ 5

CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

CASES

PAGE

Bank of China v. NBM LLC,
    359 F.3d 171 (2d Cir. 2004).................................................................................... 8

Briggs v. Sterner,
    529 F. Supp. 1155 (S.D. Iowa 1981)....................................................................... 5

Dorchester Investors v. Peak Trends Trust,
    No. 99 Civ. 4696, 2002 WL 272404 (S.D.N.Y. Feb. 26, 2002) ..................................... 2

English v. Dyke,
    23 F.3d 1086 (6th Cir. 1994)................................................................................2-3

In re. Enron Corp. Sec., Derivative & "ERISA" Litig,
    No. MDL-1446, 2005 WL 1638039 (S.D. Tex. June 21, 2005) .................................... 5

In re Exodus Commc'ns, Inc. Sec. Litig.,
    No. C 01-2661 MMC, 2005 WL 1869289 (N.D. Cal. Aug. 5, 2005) ........................... 5

In re Hayes Lemmerz Int'l, Inc. Equity Sec. Litig.,
    271 F. Supp. 2d 1007 (E.D. Mich. 2003)................................................................... 5

Kemmerer v. Weaver,
    445 F.2d 76 (7th Cir. 1971)..................................................................................... 5

Keys v. Wolfe,
    540 F. Supp. 1054 (N.D. Tex. 1982)
    rev'd on other grounds, 709 F.2d 413 (5th Cir. 1983).................................................. 5

In re MTC Elec. Techs. S'holder Litig,
    74 F. Supp. 2d 276 (E.D.N.Y. 1999) ........................................................................ 2

Pangburn v. Buick Motor Co.,
    105 N.E. 423, 424, 211 N.Y. 228, 231 (1914)..........................................................3-4

In re Parmalat Sec. Litig.,
    375 F. Supp. 2d 278 (S.D.N.Y. 2005)....................................................................... 9

S.E.C. v. First Jersey Sec., Inc.,
    101 F.3d 1450 (2d Cir. 1996).................................................................................. 4

Santos v. Dist. Council of New York City & Vicinity of United Bhd.
  of Carpenters and Joiners of Am., AFL-CIO,
  619 F.2d 963 (2d Cir. 1980)........................................................................ 2

Stark v. Nat'l City Bank of New York,
  16 N.E.2d 376, 378, 278 N.Y. 388, 395 (1938) ............................................ 4

Vega v. State University of New York Board of Trustees,
  No. 97 Civ. 5767, 2000 WL 381430 (S.D.N.Y. Apr. 13, 2000) ....................... 2

In re WorldCom, Inc. Sec. Litig.,
  No. 02 Civ. 3288, 2005 WL 675601 (S.D.N.Y. Mar. 24, 2005)....................... 8

## STATUTES & RULES

15 U.S.C. § 78t(a) .......................................................................................... 4

Fed. R. Civ. P. 12(g) ...................................................................................... 1

Fed. R. Civ. P. 12(h)(2).............................................................................. 1,2,3

Fed. R. Evid. 701 .......................................................................................... 8

## OTHER AUTHORITIES

2 James Wm. Moore, et al., Moore's Fed. Prac. ¶12.23 (3d ed. 1997)............................... 3

5C Wright & Miller, Fed. Prac. & Proc. § 1385 ................................................. 2

Defendants Deloitte Touche Tohmatsu ("DTT"), Deloitte & Touche LLP ("Deloitte US"), and James E. Copeland submit this reply memorandum of law in further support of their motion, pursuant to Rule 12(c), to dismiss the claims asserted by plaintiffs who both reside outside the United States and purchased Parmalat securities outside the United States (the "Foreign Plaintiffs"). The Foreign Plaintiffs' claims against DTT, Deloitte US and James Copeland should be dismissed because those plaintiffs do not have primary claims against Deloitte Italy under the federal securities laws and, therefore, can have no vicarious liability or control person claims against DTT, Deloitte US, and James Copeland under the federal securities laws.

## ARGUMENT

### POINT I

### RULE 12(G) AND THE LAW OF THE CASE DO NOT PRECLUDE THIS MOTION

Plaintiffs urge that because defendants have previously made Rule 12(b)(6) motions – on grounds plaintiffs concede were different from those asserted here – defendants are now barred from moving to dismiss for failure to state a claim, even though it is a motion brought on distinct and separate grounds pursuant to Rule 12(c). In fact, the unambiguous language of Rule 12(g) expressly provides that its requirement that motions to dismiss be consolidated does not preclude "a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." Fed. R. Civ. P. 12(g). Rule 12(h)(2) in turn expressly provides that motions for failure to state a claim may brought at any time notwithstanding the consolidation language of Rule 12(g):

> A defense of failure to state a claim upon which relief can be
> granted . . . may be made in any pleading permitted or

ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

Fed. R. Civ. P. 12(h)(2).

In Vega v. State University of New York Board of Trustees, the plaintiffs argued, as plaintiffs do here, that the defendants' Rule 12(c) motion asserting the defense of failure to state a claim was precluded on the basis that when "a Rule 12(b)(6) defense is raised in the first motion, no Rule 12(b)(6) defense may be raised in a successive motion." No. 97 Civ. 5767, 2000 WL 381430, at *2 (S.D.N.Y. Apr. 13, 2000). Judge Cote rejected the argument because it "is unsupported by case law and does not follow logically from the language of Rules 12(g) and 12(h)(2)." Id.[1]

Plaintiffs' argument that the motion is precluded by the "law of the case" is equally mistaken because this motion raises an issue of law on which the Court has not yet ruled, whether the Foreign Plaintiffs have adequately alleged the extraterritorial application of the federal securities laws to Deloitte Italy's conduct. There having been no prior ruling on the issue, the motion cannot be precluded by any law of the case.[2] See English v. Dyke, 23 F.3d 1086, 1089 (6th Cir. 1994) (post-answer motion to dismiss for failure to state a claim

_____

[1] See also Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters and Joiners of Am., AFL-CIO, 619 F.2d 963, 967 n.4 (2d Cir. 1980) ("[B]y the express terms of Rule 12(g), [the defense of failure to state a claim] is not waived by failure to include it in a Rule 12 motion raising other defenses."); Dorchester Investors v. Peak Trends Trust, No. 99 Civ. 4696, 2002 WL 272404, at *3 (S.D.N.Y. Feb. 26, 2002) ("[F]ailure to raise a particular defense in a motion to dismiss does not preclude a party from bringing that defense in a 12(c) motion."); 5C Wright & Miller, Fed. Prac. & Proc. § 1385 ("[E]ven though a Rule 12(b) motion has been made and a second Rule 12(b) motion is not permitted, the three defenses listed in Rule 12(h)(2) may be raised on a motion under 12(c) for judgment on the pleadings....").

[2] Plaintiffs' reliance on In re MTC Electronic Technologies Shareholder Litigation is misplaced, because the court there applied the law of the case doctrine to a second Rule 12(b)(6) motion – not a Rule 12(c) motion – and, contrary to plaintiffs' assertion, unlike here, the second motion attempted to relitigate the same issue that had been addressed in the first. See 74 F. Supp. 2d 276, 282 (E.D.N.Y. 1999) ("Daiwa does not deny that it has already litigated this issue (and lost).").

2

is proper when legal issue "is distinct from the grounds for dismissal [for failure to state a claim] raised in the pre-answer motion").

Any other conclusion would undermine the purpose of Rule 12(h)(2), which is to ensure that the fundamental defense of failure to state a claim can be asserted – and patently insufficient claims dismissed – at any stage of the case. Cf. 2 James Wm. Moore, et al., Moore's Fed. Prac. ¶ 12.23 (3d ed. 1997) (Rule 12(h)(2) provides exceptions to Rule 12(g)'s consolidation requirement "because certain defenses are considered so fundamental that they may be raised even during trial"). Far from delaying the litigation, elimination of claims without merit expedites disposition of a case.

### POINT II

**THE FOREIGN PLAINTIFFS CANNOT ALLEGE OR PROVE A PRIMARY VIOLATION OF THE SECURITIES LAWS BY DELOITTE ITALY, REQUIRING DISMISSAL OF THEIR VICARIOUS LIABILITY CLAIMS AGAINST DTT, DELOITTE US, AND JAMES E. COPELAND**

Plaintiffs use most of their brief attempting to demonstrate that DTT, Deloitte US, and Mr. Copeland acted in the United States, urging that if the alleged principals of Deloitte Italy acted here then foreign purchasers can have a claim under the U.S. securities laws. But plaintiffs cannot escape four points that preclude claims by foreign purchasers against the alleged principals:

1.    The only claims against DTT, Deloitte US and Mr. Copeland that have survived the earlier motions to dismiss are vicarious agency liability and control person claims.

2.    It is black letter law that if an agent is not liable in tort, the principal cannot be liable, because the principal is only derivatively liable for the acts or omissions of the agent. See Pangburn v. Buick Motor Co., 105 N.E. 423,

3

424, 211 N.Y. 228, 231 (1914) (where agent is not liable, verdict finding principal liable is "inconsistent and absurd").[3]

3.  A statutory element of § 20(a) is a primary violation of the federal securities laws by the controlled entity, in this case Deloitte Italy. See 15 U.S.C. § 78t(a) (making an entity liable only if it directly or indirectly controls "any person liable under [the Exchange Act]").[4]

4.  Where, as here, both the purchase by the foreign claimants and conduct by Deloitte Italy are outside the U.S., the U.S. securities laws do not apply and there can be no primary violation of the securities laws by Deloitte Italy.

Because Deloitte Italy cannot be found to have violated the federal securities laws as to the Foreign Plaintiffs, those plaintiffs cannot state vicarious liability claims under the U.S. securities laws against DTT, Deloitte US, or Mr. Copeland.

In an attempt to overcome the fact that Deloitte Italy did not violate the federal securities laws as to the Foreign Plaintiffs, the plaintiffs argue that this case is "not unlike" those cases "where securities law claims cannot be asserted against controlled persons, and the courts nevertheless allow control person claims against the controlling persons to proceed." (Opp. Mem. at 17.)[5] The cases cited by plaintiffs in support of that argument are not apposite because they stand only for the proposition that a plaintiff asserting § 20(a) claims is not required also to proceed and prevail against the person or entity that is in fact a primary violator of the securities laws. They do not apply at all to claims such as those of the foreign purchasers here where the allegedly controlled party is not a primary

---

[3] See also Stark v. Nat'l City Bank of New York, 16 N.E.2d 376, 378, 278 N.Y. 388, 395 (1938) ("Questions of who may be held responsible for wrong committed and the extent of responsibility are, of course, subordinate to the question of whether there has been any wrong.").

[4] See also, e.g., S.E.C. v. First Jersey Sec., Inc., 101 F.3d 1450, 1472 (2d Cir. 1996) (to make out prima facie case under § 20(a), "plaintiff must show a primary violation by the controlled person").

[5] Citations to "Opp. Mem." refer to Lead Plaintiffs' Memorandum in Opposition to Defendants' Motions for Judgment on the Pleadings as to Claims By Foreign Investors.

4

violator. Actually, each case cited by plaintiffs reinforces the point that a plaintiff asserting vicarious liability claims must first adequately allege the <u>existence</u> of a primary violation of the federal securities laws by the controlled entity.[6]

**POINT III**

**THE FACTS REVEALED IN DISCOVERY CONFIRM THAT DTT,
DELOITTE US, AND MR. COPELAND DID NOT ENGAGE IN ANY
ACTS IN FURTHERANCE OF THE ALLEGED FRAUD**

Because the Foreign Plaintiffs have not stated claims upon which relief can be granted against DTT, Deloitte US, and Mr. Copeland, there is no need for the Court to examine any additional "facts" outside the Complaint as the plaintiffs suggest. But even if the Court did, the issues plaintiffs raise in no way support a claim that Deloitte Italy engaged in conduct that would constitute a primary violation of the U.S. securities laws. Instead, the matters plaintiffs raise show that DTT, Deloitte US, and Mr. Copeland did not exercise control over Deloitte Italy or other DTT member firms, that Deloitte Italy was in no sense an agent of DTT, and that none of these defendants engaged in any conduct in furtherance of the Parmalat fraud.

---

[6] <u>See</u> <u>Kemmerer v. Weaver</u>, 445 F.2d 76, 78 (7th Cir. 1971) (dismissal of claim against controlled person for "failure to obtain service of process" was not "a finding of 'no liability,'" so § 20(a) claims could proceed); <u>In re Exodus Commc'ns Inc. Sec. Litig.</u>, No. C 01-2661 MMC, 2005 WL 1869289, at *44 (N.D. Cal. Aug. 5, 2005) (dismissing § 20(a) claims where plaintiffs failed "to adequately allege that [controlled person] engaged in a primary violation of the securities laws"); <u>In re. Enron Corp. Sec., Derivative &</u> <u>"ERISA" Litig</u>, No. MDL-1446, 2005 WL 1638039, at *5-*6 (S.D. Tex. June 21, 2005) (finding that § 20(a) claim could proceed even though primary claim was untimely but noting that "[t]he primary violation would need to be proven … as an element of a controlling person claim"); <u>In re Hayes Lemmerz Int'l Inc. Equity Sec. Litig.</u>, 271 F. Supp. 2d 1007, 1021 n.11 (E.D. Mich. 2003) (permitting § 20(a) claims to proceed where plaintiffs "have stated a primary § 10(b) claim against the [alleged controlled person]"); <u>Keys v. Wolfe</u>, 540 F. Supp. 1054, 1061-62 (N.D. Tex. 1982) (concluding that plaintiffs need not join controlled person as defendant but must "present sufficient evidence that [the controlled person] violated the Securities Exchange Act"), <u>rev'd on other grounds</u>, 709 F.2d 413 (5th Cir. 1983); <u>Briggs v. Sterner</u>, 529 F. Supp. 1155, 1171 (S.D. Iowa 1981) (primary violation is "a required element of proof before a controlling person can be held vicariously liable").

**REDACTED**

**FILED UNDER SEAL**

**REDACTED**

**FILED UNDER SEAL**

**REDACTED**

**FILED UNDER SEAL**

**REDACTED**

**FILED UNDER SEAL**

**REDACTED**

**FILED UNDER SEAL**

## CONCLUSION

For all of the foregoing reasons, Deloitte Touche Tohmatsu, Deloitte & Touche LLP, and James E. Copeland respectfully request that this Court enter an order (1) dismissing with prejudice the claims asserted by the Foreign Plaintiffs and (2) granting all other relief as may be just and proper.

Respectfully submitted,

Dated:   New York, New York
         December 28, 2006

KRAMER LEVIN NAFTALIS & FRANKEL

By:  /s/ Michael J. Dell
     Michael J. Dell (MD 7714)
     Jeffrey W. Davis (JD 7170)
     1177 Avenue of the Americas
     New York, New York 10036
     Tel.: 212-715-9100

     *Attorneys for Defendants*
     *Deloitte Touche Tohmatsu and*
     *James E. Copeland*

DAVIS POLK & WARDWELL

By:  /s/ Daniel F. Kolb
     Daniel F. Kolb (DK 3793)
     Sharon Katz (SK 4911)
     Frances E. Bivens (FB 2676)
     450 Lexington Avenue
     New York, New York 10017
     Tel: 212-450-4000

     *Attorneys for Defendant Deloitte*
     *& Touche LLP*

11