UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re  PARMALAT SECURITIES LITIGATION          :     MASTER DOCKET

                                               :     04 MD 1653 (LAK)
This document relates to:   All Cases                 ECF Case
--------------------------------------------------------x

### AFFIDAVIT OF MICHAEL C. LAMBERT
### IN SUPPORT OF MOTION OF DEFENDANT
### BANCA INTESA S.p.A. TO AMEND
### ORDER FOR COMMISSION

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK)

MICHAEL C. LAMBERT, being duly sworn, deposes and says:

1.      I am a member of the bar of this Court and of the law firm of Gilmartin, Poster & Shafto LLP, attorneys for Banca Intesa S.p.A. ("Intesa") which is a defendant in Smith v. Bank of America, et al., 06 Cv. 0383 (LAK). I am fully familiar with the matters set forth herein and make this affidavit in support of Intesa's motion, pursuant to Rule 60 of the Federal Rules of Civil Procedure, for an order amending the Order for Commission entered herein on December 19, 2006 [Docket No. 966].

2.      The Order for Commission that is the subject of the present motion was entered on a motion of the plaintiff in Smith v. Bank of America, et al., 06 Cv. 0383 (LAK), for the issuance of a commission to take depositions

00016595.WPD

under the Hague Convention of four persons connected with Nextra Investment Management SGR, a former subsidiary of Intesa ("Motion") [Docket No. 924]. The Motion was opposed by Intesa [Docket No. 930].

3.      In opposing the Motion, Intesa inadvertently failed to include the names of its own attorneys as Commissioners in the event the Motion were to be granted.  As the Court has now granted the Motion, Intesa believes it is appropriate that its attorneys be included as Commissioners in addition to the attorneys for the plaintiffs in Smith (and for two other parties) who are presently listed in the Order as Commissioners.  Accordingly, Intesa requests that paragraph 2(a) of the Order for Commission be amended solely to include myself, my partner Richard A. Bertocci, Valeria Mazzoletti and Filippo Casò as additional Commissioners.  A copy of an Amended Order for Commission containing these additional names is annexed hereto as Exhibit A.  In the event this motion is granted, the Commission to Take Depositions to be signed by the Clerk following entry of the Amended Order for Commission should also include the names of these additional Commissioners.

4.      I have discussed the addition of the names of Intesa representatives as additional Commissioners with Stephen M. Craig, one of the attorneys for plaintiff Smith, who has advised me that he has no objection to the granting of such relief.

WHEREFORE, deponent respectfully requests that Intesa's motion

00016595.WPD                                -2-

to amend the Order for Commission be granted in all respects.

_____
Michael C. Lambert

Sworn to before me this
28th day of December 2006.

_____
Notary Public

LISA A. ADEVAI
Notary Public, State of New York
No. 01AD6005752
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires April 20, 20___

00016595.WPD                                   -3-

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re PARMALAT SECURITIES LITIGATION    :    MASTER DOCKET

This document relates to:  All Cases    :    04 MD 1653 (LAK)
                                             ECF Case

--------------------------------------------------------------x

## [Proposed] Amended Order for Commission

The motion of plaintiffs under Federal Rules of Civil Procedure 28(b) and 30, 28

U.S.C. §1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or

Commercial matters, Mar. 19, 1970, Art. 1, 23 U.S.T. 2555, T.I.A.S. No. 7444, reprinted in

28 U.S.C. §1781 ("Hague Evidence Convention") for a commission to take the depositions

of the witnesses listed in paragraph 3 (the "Witnesses"), who are believed to be residents of

Italy, was submitted on December 4, 2006.

Having considered the papers filed, it appears to the Court that the testimony of the

Witnesses will be material and relevant to claims and defenses in these actions and that it is

necessary that a commission issue so that plaintiffs may take the Witnesses' depositions.

Therefore,

IT IS on this _____ day of _____, 2007:

ORDERED, that:

1.    The motion is GRANTED.

2.    A commission, attached as Exhibit A, will issue under the seal of this Court:

(a)    Directing to each of Herbert P. Minkel, Leo R. Beus, L. Richard Williams, Timothy J. Paris, Robert T. Mills, Stephen M. Craig, Michael S. Feinberg, Todd S. Fishman, Lanier Saperstein, Laura Martin, Quinlan Murphy, Michael C. Lambert, Richard A. Bertocci, Valeria Mazzoletti and Filippo Casò (the "Commissioners") and authorizing each of them to take the depositions of the Witnesses listed in paragraph 3.

(b)    Authorizing the Commissioners to jointly select up to four independent Italian lawyers to act as "co-commissioners." With respect to Witnesses whose testimony was sought by both plaintiffs and defendants, the fees of the Italian commissioners will be shared jointly by plaintiffs and defendants and be included as costs necessarily incurred in these actions. With respect to Witnesses whose testimony was sought by plaintiffs only, the fees of the Italian commissioners will be borne solely by plaintiffs. Likewise, with respect to Witnesses whose testimony was sought by defendants only, the fees of the Italian commissioners will be borne solely by defendants. The Italian commissioners will assist in making any necessary applications to the Italian Court of Appeals to compel the attendance and testimony of any of the designated Witnesses, as provided for in paragraph 9 below.

(c)    Directing the Commissioners to engage a neutral party not employed by or affiliated with any party hereto or counsel for any party to (i)

administer an oath or affirmation to the Witnesses (where applicable), (ii) reduce the testimony of the Witnesses to writing, (iii) mark the books, papers, or other articles that the Witnesses may produce or identify as Exhibits in the manner indicated by the testimony; (iv) afford the Witnesses the opportunity to review and sign the transcript of the deposition and (v) certify and return the transcript to this Court, together with the commission, by mail, with all convenient speed.  In the event that the Law of Italy does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects (the "alternative oath").  All parties agree that evidence taken under the alternative oath will not be excluded from any action in these consolidated proceedings or at trial merely because the testimony was not taken under oath.

3.    The Commissioners are authorized to take the depositions of the following witnesses: Antonio Cannizzaro, Marco Valsecchi, Marco Latti, and Giovanni Landi.

4.    The depositions shall be taken in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York insofar as they are not incompatible with the laws of Italy or contrary to any permission granted pursuant to the Hague Evidence Convention.  Each deposition will be presided over by

one of the Commissioners. Where a witness identified with the defendants is being questioned, a "plaintiff" Commissioner will preside. Where a witness identified with the plaintiffs is being questioned, a "defendant" Commissioner will preside. For the purposes of this paragraph, all former Parmalat directors, officers, and employees will be considered to be identified with the plaintiffs. This paragraph applies only to depositions taken pursuant to the commission process in Italy, and not any other extraterritorial process sanctioned by the Court.

5.    Other counsel will be permitted to ask questions of the Witnesses, using the normal U.S. procedure of directly asking the question of the witness. Other counsel will also be permitted to make appropriate objections on the record. The Witnesses will retain their right to counsel.

6.    The depositions shall be taken by means of oral examination with the right of all parties to oral cross-examination, and the Commissioners shall be permitted to engage a neutral third party not employed by or affiliated with any party hereto or any counsel for any party hereto to record the testimony on a tape or video recorder and/or stenographically. Where necessary or advisable, there shall be two transcriptions of the testimony created during the deposition, one in English and the other in Italian, and where necessary, the questions shall be translated to the Witnesses in Italian and the answers translated into English, and the questions and answers so given in English and Italian shall be transcribed as stated.

7.    Any depositions taken pursuant to the commissions shall be on notice to all parties to this action in accordance with the Federal Rules of Civil Procedure and the

Local Rules for the Southern District of New York. The Commissioners shall provide 14 days' notice of any effort to obtain permission from any court in Italy having jurisdiction over any Witness for any deposition to be taken pursuant to the commission.

8.    Each of the Commissioners appointed by this Order may take the deposition of any of the Witnesses, provided however that no Witness shall be required to give more than one deposition unless agreed by the parties or ordered by the Court.

9.    Under the terms of Article 18 of the Hague Evidence Convention, as well as the related declaration rendered by Italy at the time of its ratification (Italian Official Journal No. 230, August 21, 1982, at 5983), this Court expressly requests the Italian Court of Appeals to simultaneously authorize, at the time the petition for commissions is granted, the Commissioners to resort to coercive measures should any of the designated Witnesses refuse to appear on his/her own.

10.    The commission procedure described in this Order shall be used in future requests to this Court to seek depositions of foreign witnesses in countries that allow commissions under Article 17 of the Hague Evidence Convention, unless plaintiffs do not oppose the usage of another procedure. Requests to seek depositions in countries that do not allow commissions shall be submitted in whatever form is consistent with the law of the respective country at issue.

11.    To the extent that any Witnesses identified in paragraph 3 are parties or employees of parties in these consolidated proceedings, the parties expressly reserve the right to proceed by notice of deposition pursuant to the Federal Rules of Civil Procedure.

SO ORDERED:

Dated: _____, 2007.

_____
Lewis A. Kaplan
United States District Judge