**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**              x
                                                            :
In re PARMALAT SECURITIES LITIGATION          :
                                                            :         MASTER DOCKET
This document relates to:  04-cv-0030 (LAK)   :         04 MD 1653 (LAK)
                                                            :
                                                            :         **ELECTRONIC FILING**
                                                            x

**DEFENDANT GRANT THORNTON INTERNATIONAL'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM BASED ON THE LACK OF SUBJECT MATTER JURISDICTION
OVER CLAIMS BY FOREIGN PLAINTIFFS AGAINST GRANT THORNTON, S.P.A.**

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York  10038
*Attorneys for Defendant*
 *Grant Thornton International*

Of Counsel:
    James L. Bernard
    David A. Sifre
    Quinlan D. Murphy

## PRELIMINARY STATEMENT

GTI's motion for judgment on the pleadings is narrowly focused, and seeks to dismiss the claims being asserted against it by Foreign Plaintiffs[1] seeking to hold GTI liable for the claimed securities law violations of GT-Italy, on the theory that GTI "controls" GT-Italy. The law is clear -- in order for there to be control person liability, there must be a primary violation of the securities laws by the controlled entity. Here, there is no primary violation *vis a vis* the Foreign Plaintiffs because the United States securities laws do not apply to the conduct of GT-Italy, a foreign entity allegedly engaged in conduct affecting the investments of foreign investors on foreign exchanges. Because the conduct of GT-Italy *vis a vis* the Foreign Plaintiffs cannot be reached by the United States securities laws, this Court lacks subject matter jurisdiction over any such claim and the corresponding claims against GTI should be dismissed.

## ARGUMENT

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS OF FOREIGN PLAINTIFFS AGAINST GT-ITALY

Plaintiffs do not dispute that they have the burden of establishing subject matter jurisdiction. See OSRecovery, Inc. v. One Groupe Int'l, Inc., 354 F. Supp. 2d 357, 364-65 (S.D.N.Y. 2005) (Kaplan, J.). In Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A., 606 F.2d 5, 7 n.2 (2d Cir. 1979), the Second Circuit made clear that subject matter jurisdiction in the United States does not extend where "the essential core of the alleged fraud took place [overseas]. [Where a]ny activities in the United States were clearly secondary and ancillary . . . [s]uch stray activities in furtherance of the fraud as might

---

[1]    Capitalized terms have the meaning ascribed to them in GTI's initial moving papers. GTI joins in the reply submissions submitted by GTI's co-defendants.

1

conceivably turn up in the United States [do] not alter the finding that subject matter jurisdiction is absent." Id.

The wrongful activity of GT-Italy about which Foreign Plaintiffs complain took place overseas, involved a foreign company and as to Foreign Plaintiffs only impacted foreign markets. Plaintiffs do not dispute this. Instead, the thrust of their opposition is to shift the focus away from GT-Italy to GTI, and the other Moving Defendants, and to argue that "all of the conduct by the U.S.-based Moving Defendants relevant to the claims against them took place in the United States." (Opp. Br. at 14). But Foreign Plaintiffs miss the point -- GTI's conduct is legally irrelevant. The issue raised by this motion is where GT-Italy's conduct occurred, not GTI's. And even when considering where GTI's conduct occurred, Foreign Plaintiffs are just as mistaken in contending that "all" of GTI's alleged conduct took place in the United States. In making this argument, they contradict their own complaint and the documents they annex to their opposition papers. In short, Foreign Plaintiffs' claims against GTI should be dismissed because this Court lacks jurisdiction over the claims against GT-Italy upon which the claims against GTI are based.

A.    **GTI's Conduct is Irrelevant, Did not Take Place Exclusively in the U.S., and GT-Italy's Conduct Took Place Overseas and Does Not Provide a Basis for Subject Matter Jurisdiction**

The fatal flaw in the Foreign Plaintiffs' reasoning is made clear in the opening page to their substantive response: "Whatever Defendants did or failed to do, and whatever control Defendants exercised or failed to exercise, relevant to their liability in this case, took place in the United States. Therefore, to the extent that these defendants have any liability (and that question raises issues of fact for trial), such liability derives from whatever they did or didn't do in the United States. The conduct test is, perforce, satisfied." (Opp. Br. at 14).

The flaw is the focus on GTI's conduct rather than GT-Italy's. Because the Foreign Plaintiffs are not asserting a direct liability claim against GTI, the threshold question is whether Foreign Plaintiffs have properly asserted a direct liability claim against GT-Italy. See 15 U.S.C.A. § 78t(a) (holding an entity liable only if it "directly or indirectly, controls any person liable under [the Exchange Act]"); Parmalat I, 375 F. Supp.2d 278, 310 (S.D.N.Y. 2005) (holding that plain language of the statute requires plaintiff to plead a primary violation of the controlled person); see also GTI Brief at 7. As GTI demonstrated in its moving brief, GT-Italy's conduct did not take place in the United States, it took place, as alleged, either in Italy or somewhere else overseas. See GTI Brief at 5-7. In short, because GTI's conduct is irrelevant for purposes of the instant motion, Foreign Plaintiffs must demonstrate that GT-Italy is a primary violator, and the only way it may do so is to show that the conduct test is satisfied by *GT-Italy's* conduct, and *not GTI's* conduct.

Having attempted to shift the focus away from GT-Italy to GTI, it is not surprising that Foreign Plaintiffs' opposition says absolutely nothing about where GT-Italy's conduct occurred. Having failed to address it, because it cannot be disputed based on their own pleading, this Court is bound to accept the inescapable fact that the wrongdoing alleged against GT-Italy is based on GT-Italy's conduct outside the United States, and therefore the conduct test, as applied to GT-Italy, has not been satisfied.

But even in shifting the focus to GTI, and assuming, incorrectly, that GTI's conduct is relevant, Foreign Plaintiffs make equally flawed arguments. First, as noted above in the excerpt from page 14 of their brief, they contend that "all" of GTI's alleged conduct took place in the United States. That's wrong, and Foreign Plaintiffs know its wrong. In paragraph 168 of the most recent iteration of their complaint, they allege, as is indeed the case, that GTI is

3

headquartered in London, England. (Complaint ¶ 168).[2] And in Ex. 32 to their opposition --

discussed at page 23 of their brief in an effort to establish that GTI, acting out of the United

States, failed to exercise control over GT-Italy -- Foreign Plaintiffs fail to note that the document

was authored by Martin Bonello-Cole, from Malta.[3] Thus, contrary to the allegations in their

complaint and the documents they annex to their opposition, it is plainly clear that not "all" of

GTI's alleged conduct took place in the United States.

Putting aside this basic, and fatal, flaw, Foreign Plaintiffs' underlying legal argument

makes no sense. The most Foreign Plaintiffs argue is that there was a "failure to exercise

control" by GTI over GT-Italy, and that this "failure to exercise control" "is what permitted the

fraud to occur and continue." (Opp. Br. at 15-16). However, even assuming that GTI's conduct

is relevant (which it is not), this Court has held that:

> Under the conduct test, jurisdiction exists only 'where conduct material to the
> completion of the fraud occurred in the United States <u>and that conduct 'directly
> caused' the loss.</u>

OSRecovery, 354 F. Supp. 2d at 366 (S.D.N.Y. 2005) (emphasis added). What is alleged by

Foreign Plaintiffs to have "directly caused" the loss was GT-Italy's participation in the alleged

fraud. See GTI Br. at 5-7. GTI's alleged "failure to exercise control," is, at best, a classic

indirect cause of the Foreign Plaintiffs' loss, and is insufficient to vest this Court with subject

matter jurisdiction even if the Foreign Plaintiffs were asserting a direct claim against GTI (which

they are not). The "failure to exercise control" is not the "perpetration of fraudulent acts

---

[2]    Thus, putting aside that the decision to expel GT-Italy is not a sufficient indicia of control over the actions that give rise to Foreign Plaintiffs' alleged injury, Foreign Plaintiffs are simply wrong when they refer to this expulsion and actions which GTI allegedly took "from their offices in the U.S." and GTI's "failures in the U.S." (Opp. Br. At 22).

[3]    Similarly, Foreign Plaintiffs' arguments based on the alleged conduct of "GT-US Partners" and "Grant Thornton Partners" has no bearing on the conduct of GTI. (Opp. Br. At 23). Foreign Plaintiffs have again engaged in an improper lumping together of Grant Thornton entities without addressing what any of that conduct has to do with the conduct of GTI, or what GTI is alleged to have done.

themselves," and therefore such omissions cannot form the basis for subject matter jurisdiction. See, e.g., Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A., 606 F.2d 5, 10 (2d Cir. 1979) (the conduct test "ha[s] but limited application" and "'this basis of jurisdiction is limited to the perpetration of fraudulent acts themselves.'" (quoting IIT v. Vencap Ltd., 519 F.2d 1001, 1018 (2d Cir. 1975)) (emphasis added).

In addition, the issue of "control" under Section 20(a) is only applicable after the issue of subject matter jurisdiction is resolved. See Fidenas AG v. Honeywell Inc., 501 F. Supp. 1029, 1041 n.18 (S.D.N.Y. 1980) ("[T]he terms of [section 20(a)] make clear that a court must first find subject matter jurisdiction under the securities laws before it confronts the issue of whether another person controls any person liable under any provision of this chapter.") (internal quotation marks omitted). Thus, still another problem with Foreign Plaintiffs' efforts to use control arguments to establish subject matter jurisdiction is that it improperly hoists onto the subject matter jurisdiction analysis an issue that only can be properly addressed once subject matter jurisdiction has been otherwise established.

Enigma Holdings, Inc. v. Gemplus Int'l, S.A., No. 3:05-CV-1168-B, 2006 WL 2859369 at *3 (N.D. Tex. Oct. 6, 2006), cited at page 16 of Foreign Plaintiffs' brief, further supports this very point. Plaintiffs cite Enigma for the proposition that subject matter jurisdiction exists "where the fraudulent scheme was alleged to be directed and controlled from the United States and one key event occurred in the United States, even though most of the material conduct occurred" abroad. (Opp.Br. at 16-17) (emphasis added). In fact, the complaint in Enigma identified a number of "key events" that took place in the United States: (1) defendants met in the United States where the terms of the investment at issue were reached; (2) defendants insisted that a United States recruiting firm be used; (3) defendants conducted a search in the

5

United States from which the CEO was selected; (4) defendants negotiated the relevant employment agreements in New York; (5) the registration statement allegedly relied upon by the plaintiff at the time of purchase was drafted in New York. Id. at *4.

In summarizing these key events, the court held:

> Thus, Plaintiffs' allege several substantial acts in furtherance of the control scheme occurred in the United States. Plaintiffs' allegations -- that the terms and conditions of the control scheme were reached in Colorado, the scheme was masterminded and directed from the United States, and the Defendants' implemented their control by directing concealment by Green and the drafting of the Registration Statement -- are sufficient to show that key events in forming, directing, and implementing the alleged scheme to defraud occurred in the United States. Because the conduct alleged by Plaintiffs directly caused Plaintiffs' loss, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

Id. at *3-4 (emphasis added). In contrast, Foreign Plaintiffs' focus on GTI's alleged "failure to exercise control" is completely deficient of any similarly "direct" injury causing event, even assuming, again contrary to their own complaint and the documents annexed to their opposition, that GTI's failure to exercise control is deemed to have happened in the United States when GTI is headquartered in London England and received what Foreign Plaintiffs deem to be a key document authored by someone in Malta.

Finally, in direct contradiction of the explicit language of the controlling statute, and decades of precedent based on that language which requires Foreign Plaintiffs to establish a viable claim of a primary violation in order to properly allege a controlling person claim, Foreign Plaintiffs contend that even if a claim cannot be asserted against GT-Italy, they may proceed with a claim against GTI. (Opp. Br. at 17). Factually, as detailed above, this argument is flawed; legally, it is equally devoid of merit.

Referring to "[o]ne of the leading scholars on the securities law[,]" Foreign Plaintiffs rely on Folk, Civil Liabilities Under The Federal Securities Acts, The Bar Chris Case, 55 Va. L. Rev.

6

99, 217-28 & N.64 (1969), for the proposition that "[a]bsent legislative history resolving or even considering the issue, the remedial purpose of the statute dictates a broad construction which would <u>not excuse control persons . . . from liability for proven wrongs of a controlled person even if the latter is not himself legally liable</u>." (Opp. Br. at 18) (emphasis in original). The quotation relied upon by Plaintiffs is taken out of context. To put the quotation in context, the next paragraph is critical:

> Conversely, the control person should enjoy any substantive defenses available to the controlled person. <u>Thus if the latter is not liable on the merits, the control person cannot be held liable in any event</u>.

<u>Id.</u> at 218. (emphasis added). In other words, because GTI, as the alleged control person, enjoys the substantive defenses available to GT-Italy, and because GT-Italy cannot be held liable to Foreign Plaintiffs on the merits given the inapplicability of the securities laws to GT-Italy, GTI "cannot be held liable in any event."

Plaintiffs similarly rely upon <u>In re Enron Corp.</u>, No. H-01-3624, MDL-1446, 2005 WL 1638039, at *5-6 (S.D. Tex. June 21, 2005), for the proposition that if claims cannot be brought against the controlled entity because the statute of limitations has run, the control claims against the controlling persons may still go forward. (Opp. Br. at 18). Even if that case was not limited to its peculiar facts (as the Enron court suggested in noting that "[t]he alleged controlling perpetrator should not be allowed 'off the hook' because Plaintiff failed to allege the underlying primary violation against the right party in a timely fashion"), and even if the proposition were true, it has no bearing on the instant matter. Here, there is no primary violation because United States securities laws do not apply to GT-Italy's conduct. This simply is not a case where there is a violation but it cannot be prosecuted because the statute of limitations has run, or because there is a bankruptcy or other stay preventing prosecution of the primary offender, instead this is

7

a case where there is no claim against GT-Italy because the statute at issue has not been violated because all of the alleged relevant conduct took place overseas.

In sum, GT-Italy's conduct is the relevant conduct on this motion, not GTI's. As to GT-Italy, Foreign Plaintiffs make no effort to dispute that that conduct took place overseas and does not satisfy the conduct test. Instead, Foreign Plaintiffs try to shift the focus to GTI, but legally there is no basis for doing so, and factually Foreign Plaintiffs ignore their own allegations and their own documents in an effort to concoct a basis for jurisdiction over an entity headquartered in London England. For these reasons, the claims of the Foreign Plaintiffs should be dismissed.

### B.     This Motion was Properly Brought and the Arguments Raised Herein Were not Waived

Tellingly, rather than lead with an opposition on the merits, Foreign Plaintiffs lead with vague procedural arguments; namely, that this Rule 12(c) motion, which raises an absence of subject matter jurisdiction, violates some unarticulated rule against filing a Rule 12(c) motion when a Rule 12(b)(6) motion has already been filed. There is no such rule and there is no such prohibition.

The absence of subject matter jurisdiction can never be waived or forfeited, United States v. Cotton, 535 U.S. 625, 630 (2002), and the Court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h), governing "waiver or preservation of certain defenses," provides in subsection (2) that "a defense of failure to state a claim upon which relief can be granted ... may be made ... by motion for judgment on the pleadings." Thus, the instant Rule 12(c) motion is perfectly

8

appropriate under the Federal Rules of Civil Procedure. <u>See</u> <u>generally</u> 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1385 (3d ed. 2004) ("[E]ven though a Rule 12(b) motion has been made and a second Rule 12(b) motion is not permitted, the three defenses listed in Rule 12(h)(2) may be raised on a motion under 12(c) for judgment on the pleadings. . . .").

## CONCLUSION

For all the foregoing reasons, as well as those set forth in its initial motion papers, GTI respectfully requests this Court enter an order (1) dismissing the claims asserted by the Foreign Plaintiffs and (2) granting all other relief as may be just and proper.

Dated:  New York, New York
        December 28, 2006

STROOCK & STROOCK & LAVAN LLP

By:  /s/
     JAMES L. BERNARD (JLB-4273)
     180 Maiden Lane
     New York, New York  10038
     212-806-5400

     *Attorneys for Defendant*
     *Grant Thornton International*

Of Counsel:

David A. Sifre
Quinlan D. Murphy