| | |
|---|---|
| Joseph B. Tompkins, Jr. | A. Robert Pietrzak (AP-6711) |
| Alan C. Geolot | Thomas McC. Souther (TS-6615) |
| Mark P. Guerrera | Daniel A. McLaughlin (DM-2688) |
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| 1501 K Street, N.W. | 787 Seventh Avenue |
| Washington, D.C. 20005 | New York, N.Y. 10019 |
| (202) 736-8000 | (212) 839-5300 |
| (202) 736-8711 (fax) | (212) 839-5599 (fax) |

*Attorneys for Bank of America Corporation, Bank of America, N.A., and Banc of America Securities Limited.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | MASTER DOCKET |
| | 04 MD 1653 (LAK) ECF Case |
| In re PARMALAT SECURITIES LITIGATION | |
| | DEFENDANTS' REPLY |
| | MEMORANDUM OF LAW |
| | IN SUPPORT OF THEIR |
| This document relates to:   04-CV-0030 (LAK) | MOTION TO DISMISS |
| | |
| | ELECTRONICALLY FILED |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF BANK OF AMERICA'S
MOTION TO DISMISS CLAIMS OF FOREIGN PURCHASERS**

Defendants Bank of America Corporation, Bank of America, N.A., and Banc of America Securities Limited ("BOA") respectfully submit this reply brief in further support of their Motion to Dismiss Claims of Foreign Purchasers. Plaintiffs' brief in response to that motion fails to rebut – or even address – BOA's principal arguments.[1] Plaintiffs offer no substantial basis for showing how the remaining claims against BOA could, on the facts alleged or on the undisputed record evidence, possibly meet the "conduct" test for extraterritorial application of federal securities laws: They do not seriously challenge that all of BOA's allegedly wrongful acts of which they complain occurred outside the United States. Plaintiffs also argue that this is not the proper time to decide BOA's motion. But as Plaintiffs themselves admit, this issue is inextricably intertwined with the issue of class certification. In the absence of any concrete suggestion that additional discovery will somehow alter the relevant landscape, Plaintiffs' attempt to delay this issue should be rejected.

## I.  SUBJECT MATTER JURISDICTION DOES NOT EXIST FOR FOREIGN PURCHASER PLAINTIFFS' CLAIMS AGAINST BOA.

### A.  Claims Against U.S.-Based Entities Are Not Automatically Covered By the Federal Securities Laws.

Plaintiffs' assertion that BOA's U.S.-based entities are automatically subject to claims under U.S. securities laws simply because they are headquartered in the United States is wholly unsupported by the case law in this Circuit, and Plaintiffs make no attempt to distinguish the many cases contrary to their assertion cited in BOA's moving brief. This Circuit follows the leading decision in Bersch v. Drexel Firestone, Inc., 519 F.2d 974 (2d Cir. 1975), which, as discussed below, recognized limits on jurisdiction over U.S. entities with foreign subsidiaries or

---

[1] BOA's Motion to Dismiss Claims of Foreign Purchasers was included in its Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and is cited as "BOA Mem. at __." Lead Plaintiffs' Memorandum in Opposition to Defendants' Motions for Judgment on the Pleadings as to Claims by Foreign Investors is cited as "P. Opp. at __."

operations – in fact, the moving defendants in <u>Bersch</u> included two U.S.-based investment banks, Drexel and Smith Barney. <u>Id.</u> at 979, 983-85 & n.24. Furthermore, in <u>ITT v. Vencap, Ltd.</u>, 519 F.2d 1001 (2d Cir. 1975), this Circuit stated that the fact that one U.S. defendant owns and controls other defendants is not enough on its own to support subject matter jurisdiction. <u>Vencap</u>, 519 F.2d at 1016. Since the <u>Vencap</u> decision, courts in this Circuit have repeatedly affirmed that a defendant entity's U.S. presence is insufficient in itself to confer subject matter jurisdiction. <u>See</u> BOA Mem. at 32-33 & n.36 (collecting cases).[2] Similarly, a foreign entity is not automatically subject to U.S. securities laws because it has a U.S.-based corporate parent. <u>See</u> <u>Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A.</u>, 606 F.2d 5, 8 (2d Cir. 1979) ("<u>Fidenas I</u>"). The fact that some of the BOA entities supposedly exercised "control" or "failed to exercise control" from the United States – a theory quite different from Plaintiffs' actual allegations against BOA – certainly does not "perforce" satisfy the conduct test.[3]

**B.     Plaintiffs' Allegations Against BOA Fail To Establish Subject Matter Jurisdiction.**

Plaintiffs' belated effort to recast their own pleadings as being primarily about BOA's U.S.-based offices "controlling" the activities of Luca Sala, Luis Moncada and Antonio Luzi in

---

[2]     Cf. <u>Tri-Star Farms Ltd. v. Marconi, PLC</u>, 225 F. Supp. 2d 567, 578 n.12 (W.D. Penn. 2002) ("[T]he mere fact that [the defendant] carries on substantial business operations in the United States is not, in itself, sufficient to confer subject-matter jurisdiction under the securities laws."); <u>In re Baan Co. Secs. Litig.</u>, 103 F. Supp. 2d 1, 10 n.14 (D.D.C. 2000) ("The conduct test *requires that the fraudulent activity take place in the United States, and the fact that defendants conducted other activity in the United States is not significant.*") (emphasis added).

[3]     Plaintiffs implicitly concede the lack of subject matter jurisdiction over their claims against Banc of America Securities Limited ("BASL"). BASL is not a U.S.-based defendant, P. Opp. at 5, and Plaintiffs argue only that the "*U.S.-Based* Moving Defendants Engaged in Material Acts or Failures to Act in the United States." <u>Id.</u> at 18, 25-28 (emphasis added). Further, Plaintiffs admit that the activities of each particular defendant must be analyzed separately in applying the conduct test. <u>Id.</u> at 15 & n.9. As Plaintiffs do not allege *any* facts of material U.S. conduct committed by BASL, Plaintiffs have conceded that no securities law claims can be asserted against BASL.

2

Italy should not be countenanced. The Court has already expended substantial judicial resources evaluating two rounds of pleadings by Plaintiffs that focused on the involvement of these three former BOA employees in Italy in transactions for Parmalat. See Third Amended Complaint ("TAC") ¶¶ 437-66. Nowhere in the First, Second or Third Amended Complaints is there any particularized allegation of fact showing that these activities (including alleged secret and self-interested looting by Sala) were directed from the United States. Plaintiffs' brief in opposition likewise fails to cite any evidence of such control. It is too late in the day for Plaintiffs to oppose a motion to dismiss on the pleadings with a theory not supported by those pleadings.

Moreover, Plaintiffs' allegations of control are conclusory and do not satisfy Plaintiffs' pleading burden. See Fidenas I, 606 F.2d at 8; Nasser v. Andersen Worldwide Societe Cooperative, No. 02 Civ. 6832, 2003 WL 22179008, at *5 (S.D.N.Y. Sept. 23, 2003); BOA Mem. at 27. Merely alleging "control" under § 20(a) of the Securities and Exchange Act is not sufficient to establish subject matter jurisdiction. See Fidenas AG v. Honeywell, Inc., 501 F. Supp. 1029, 1041 n.18 (S.D.N.Y. 1981) ("[T]he terms of [section 20(a)] make clear that a court must first find subject matter jurisdiction under the securities laws before it confronts the issue of whether another person controls any person liable under any provision of this chapter.") (internal quotation marks omitted). Further, the liability of the controlled persons is an element of proof of a § 20(a) claim, see In re Yukos Oil Co. Secs. Litig., No. 4 Civ. 5243, 2006 WL 3026024, at *23 (S.D.N.Y. Oct. 25, 2006); Primavera Familienstiftung v. Askin, No. 95 Civ. 8905, 1996 WL 580917, at *2 (S.D.N.Y. Oct. 9, 1996); In re Citisource, Inc. Secs. Litig., 694 F. Supp. 1069, 1077 (S.D.N.Y. 1988), and Plaintiffs cannot make such a showing if subject matter jurisdiction does not exist for the alleged primary violations.[4]

---

[4]    Plaintiffs conveniently ignore such case law and cite only to decisions from outside this jurisdiction, which primarily concern unavailable primary *violators*, to support their argument that BOA can remain liable

3

Subject matter jurisdiction cannot be established with respect to any of Plaintiffs' securities law claims against BOA, as Plaintiffs have not sufficiently alleged that BOA conducted substantial acts in the U.S. in furtherance of the alleged fraud.

**REDACTED**

Plaintiffs ignore the fact that this Court has already held that there was nothing deceptive about the involvement of U.S. investors. See BOA Mem. at 31 (citing In re Parmalat Secs. Litig., 414 F. Supp. 2d 428, 433-34 (S.D.N.Y. Feb. 9, 2006) ("Parmalat V") (Kaplan, J.)). To support jurisdiction, Plaintiffs must point to *actionable* conduct in the United States. See BOA Mem. at 29-33.

With respect to the Parmalat Brazil claims, Plaintiffs ignore their own Complaint, which focuses not on U.S. conduct, but on the alleged conduct of three Italian individuals formerly employed by BOA and their allegedly fraudulent activities that took place overseas. See TAC ¶¶ 437-66. Rather than dispute or even discuss the relevant facts set forth in BOA's brief, Plaintiffs rely on an assortment of misleading irrelevancies.

**REDACTED**

under § 20(a) notwithstanding that foreign investors cannot assert *claims* against the foreign actors for lack of subject matter jurisdiction. See P. Opp. at 17-18.

**REDACTED**

4

**REDACTED**

[6] Cf. North South Fin. Corp. v. Al-Turki, 100 F.3d 1046, 1053 (2d Cir. 1996) (involvement of U.S. auditors in audit of New York operations not sufficient where auditor principally retained through French affiliate to audit French parent).

**REDACTED**

This ignores, however, well-established law that "subject matter jurisdiction may not be premised upon acts in the U.S. that are 'merely prepatory' or 'are relatively small in comparison to those abroad' nor upon U.S. acts that are 'secondary,' 'ancillary,' or 'tertiary,' but instead the U.S. acts must be 'of sufficient centrality to the claim of fraud to warrant an exercise of . . . jurisdiction.'" BOA Mem. at 30 (citations omitted). In Bersch, prepatory conduct of the defendant U.S. investment banks, including meetings in the U.S. "to initiate, organize and structure the offering," as well as underwriters' representation by a New York law firm and U.S. accountants in connection with the transaction, was not enough to find subject matter jurisdiction. Bersch, 519 F.2d at 985 n.24. The purported acts of BOA personnel in the U.S. set out here by Plaintiffs are less substantial.

With respect to the Parmalat Venezuela claims, Plaintiffs cannot allege acts performed by BOA, let alone substantial acts that furthered the alleged fraud, and instead point to conduct of *entirely* foreign entities in a confused effort to show U.S. contacts.

**REDACTED**

**REDACTED**

**REDACTED**

. Not only was this conduct entirely foreign,

but it was also not alleged to be deceptive. **REDACTED**

Plaintiffs' response only serves to highlight the undisputed facts that 1) the Venezuela transactions were wholly foreign, and 2) there is no U.S. conduct by BOA to even consider.

This is not a case where "a U.S. entity dispatch[ed] agents to foreign countries to commit securities fraud," as in Plaintiffs' unfitting analogy. P. Opp. at 16. Based on Plaintiffs' TAC and the undisputed facts, the United States was not the base of operations for the alleged fraudulent scheme. At most, BOA's U.S. activities were "merely prepatory" or amounted to "culpable nonfeasance," which are not sufficient to support subject matter jurisdiction. Bersch, 519 F.2d at 987; see also Fidenas I, 606 F.2d at 8 (finding that minor activity in the United States does not support jurisdiction, particularly when the activity "takes the form of culpable nonfeasance"). In Fidenas I, in deciding that it can be appropriate to make a determination on subject matter jurisdiction in the pleading and affidavit stage, the court noted the lower court's finding that "whatever the scope of the activity within the United States that might emerge from discovery, the essential core of the alleged fraud took place [overseas]. Any activities in the United States were clearly secondary and ancillary . . . . Such stray activities in furtherance of the fraud as might conceivably turn up in the United States could not alter the finding that subject matter jurisdiction is absent." Fidenas I, 606 F.2d at 7-8.

Finally, this Court has previously held that the "ultimate inquiry" in determining the extraterritorial reach of the U.S. securities laws is "whether 'Congress would have wished the precious resources of United States courts . . . to be devoted to [foreign transactions] rather than

6

leave the problem to foreign countries.'" OSRecovery, Inc. v. One Groupe Int'l, Inc., No. 02 Civ. 8993, 2005 WL 225325, at *1 (S.D.N.Y. Feb. 1, 2005) (Kaplan, J.) ("OSRecovery II") (quoting Bersch, 519 F.2d at 985) (alteration in original). Here, the claims against BOA are overwhelmingly, if not entirely, foreign, see BOA Mem. at 4-11, and the alleged actions (or the alleged failures to act) of the U.S.-based BOA defendants does not merit any kind of redress. Finding jurisdiction over these claims, where the issuer is in Italy and there are extensive ongoing proceedings in the Italian courts, would thus be unreasonable and contrary to congressional intent. See Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London, 147 F.3d 118, 130-31 (2d Cir. 1998) (finding that although some U.S. activity directly caused foreign plaintiff's harm, policy interests counseled against finding jurisdiction over a claim based on an otherwise entirely foreign transaction).[7]

Plaintiffs' allegations regarding BOA's U.S. activities and its alleged failure to exercise control over its foreign operations or subsidiaries are thus insufficient to support subject matter jurisdiction over the Parmalat Brazil and Parmalat Venezuela claims.

## II.    BOA'S RULE 12(c) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION IS APPROPRIATE AND TIMELY.

Lacking a basis to support subject matter jurisdiction on the merits, Plaintiffs argue, simultaneously, that this motion is both too early and too late. Both are wrong. BOA filed its motion to dismiss for lack of subject matter jurisdiction under Rule 12(c), which states in

---

[7] Plaintiffs cite to Psimenos v. E.F. Hutton & Co., 722 F.2d 1041 (2d Cir. 1983), and Itoba Ltd. v. Lep Group PLC, 54 F.3d 118 (2d Cir. 1995), which both sustained jurisdiction, to support their assertion that Congress intended the U.S. securities laws to cover Plaintiffs' claims. See P. Opp. at 2. But these two cases can easily be distinguished from the present case. In Psimenos, the foreign plaintiff, relying on representations printed in an E.F. Hutton flyer that emanated from New York, opened an account with E.F. Hutton, and trades made by E.F. Hutton brokers on the U.S. commodities markets were "material acts that directly caused Psimenos' claimed losses." Psimenos, 722 F.2d at 1044. In Itoba, the defendant's SEC filings and issuance of ADRs traded on NASDAQ were made in an attempt to create a U.S. market for its shares. The court found that the case thus involved "fraud occurring on an American exchange and persisting abroad that has impacted detrimentally upon thousands of United States shareholders in the defrauded company." Itoba, 54 F.3d at 124. All of these factors are absent in the present case.

relevant part that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Plaintiffs argue that Rule 12(g) bars BOA from moving to dismiss under Rule 12(c). Plaintiffs' argument can be disposed of in short order.

First, Plaintiffs concede that the defense of lack of subject matter jurisdiction is a non-waivable defense that is preserved under Fed. R. Civ. P. 12(h)(3). See P. Opp. at 12 n. 6. It is well settled that "[a]n objection to subject matter jurisdiction is always timely." American Tissue, Inc. v. Arthur Anderson, LLP, 275 F. Supp. 2d 398, 403 n.5 (S.D.N.Y. 2003) ("Because the instant motion challenges the Court's subject matter jurisdiction, [plaintiff]'s argument that the motion is untimely under Rule 12(g) is misguided."); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). As set forth in BOA's moving brief, "[a] motion to dismiss for lack of subject matter jurisdiction, ordinarily raised pursuant to 12(b)(1), may be raised after answering by a motion for judgment on the pleadings pursuant to Rule 12(c)." See BOA Mem. at 26-27.[8] Because a defense of lack of subject matter jurisdiction is preserved under Rule 12(h)(3), Rule 12(g) does not prevent BOA from asserting the present Rule 12(c) motion for judgment on the pleadings.[9]

---

[8]    See also Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (holding that a non-waivable defense under Rule 12(h) that is similar to its Rule 12(b) counterpart, when filed after the close of pleadings, should be construed by the district court as a Rule 12(c) motion).

[9]    Plaintiffs' argument that Rule 12(g) bars BOA from filing a Rule 12(c) motion rests on the rule as it relates to Rule 12(h)(2). See P. Opp. at 11-12. But BOA moved to dismiss on the ground of lack of subject matter jurisdiction, a defense that falls under 12(h)(3). In determining the extraterritorial reach of securities laws, this Court has treated the issue as one of subject matter jurisdiction. See In re Parmalat Secs. Litig., 376 F. Supp. 2d 472, 504 (S.D.N.Y. July 13, 2005) ("Parmalat III") (Kaplan, J.); OSRecovery II, 2005 WL 225325, at *1. Moreover, as set forth in the Deloitte Touche defendants' Reply Brief, Plaintiffs' argument is equally unavailing if the motion is construed as one for failure to state a claim.

In any event, this Court has certainly allowed defendants to assert a subject matter jurisdiction defense after previously asserting a 12(b)(6) defense. Compare OSRecovery, Inc. v. One Groupe Int'l, Inc., No. 02 Civ. 8993, 2004 WL 238035, at *1-2 (S.D.N.Y. Feb. 9, 2004) (Kaplan, J.) with OSRecovery, Inc. v. One Groupe Int'l, Inc., 354 F. Supp. 2d 357, 364 (S.D.N.Y. Jan. 21, 2005) (Kaplan, J.) (dismissing claims of foreign plaintiffs in Third Amended Complaint for lack of subject matter jurisdiction pursuant to 12(b)(1) after Defendant moved to dismiss Second Amended Complaint pursuant to Rules 12(b)(6) and 9(b)).

Now is the most appropriate time for BOA to file its motion, and Plaintiffs cannot seriously argue that any party in this litigation should have filed *even more* motions than the Court has already had to address. BOA's prior motions – one of which was granted in its entirety and the other of which was granted in part – were directed to the *entire* complaint. The eventual partial dismissal of Plaintiffs' Second Amended Complaint enabled a more focused framing of the issues on this motion, and class discovery (now complete) provided BOA with more information about the foreign nature of the proposed class. More importantly, the Court is currently considering certification of the class, and a ruling on the defendants' Rule 12(c) motions is intertwined with the Court's class certification decision. Indeed, Plaintiffs admit as much, incorporating their arguments in opposition to the present motion into their brief for certification of a worldwide class. See P. Br. at 96-97. Judicial efficiency would in no way be advanced by bifurcating the question of the propriety of this Court's exercise of jurisdiction over such claims into two rounds of motion practice on the very same issue.[10]

---

[10] As set forth in more detail in BOA's moving brief, the Court may consider materials outside of the pleadings when deciding a Rule 12(c) motion for lack of subject matter jurisdiction *without* converting the Rule 12(c) motion into a Rule 56 motion for summary judgment. See BOA Mem. at 28 (quoting U.S. ex rel Phipps v. Comprehensive Cmty. Dev. Corp., 152 F. Supp. 2d 443, 449 n.2 (S.D.N.Y. 2001)); see also OSRecovery II, 2005 WL 225325, at *1 (stating that on a motion to dismiss for lack of subject matter jurisdiction, the court may reference evidence outside the pleading). Therefore, while a court is permitted to refer to evidence before the court at the time of the motion, it does not mean that discovery must close

Lacking the ability to raise any substantial factual dispute, Plaintiffs argue that further discovery is needed before the instant motion can be resolved, though they pointedly never suggest what facts they might elicit as to the geographic location of the events at issue here or how those facts would alter Plaintiffs' own factual allegations. See P. Opp. at 19. Plaintiffs have already taken 52 days of deposition testimony of BOA witnesses, 21 of which were of 30(b)(6) witnesses. What is more, the 30(b)(6) depositions on the transactions related to the remaining claims *have already been concluded.* The undisputed facts of the transactions will not change and, therefore, further discovery will not help Plaintiffs prove the unprovable.

## CONCLUSION

For the forgoing reasons, BOA respectfully requests that the Court dismiss with prejudice the claims of foreign purchasers of Parmalat securities as to BOA.

Dated: New York, New York
       December 28, 2006

SIDLEY AUSTIN LLP

By: /s/ Daniel A. McLaughlin
A. Robert Pietrzak (AP-6711)
Thomas McC. Souther (TS-6615)
Daniel A. McLaughlin (DM-2688)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, N.Y. 10019
(212) 839-5300
(212) 839-5599 (fax)

Joseph B. Tompkins, Jr.
Alan C. Geolot
Mark P. Guerrera
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., and Banc of America Securities Limited*

---

before the court can do so. See American Tissue, Inc., 275 F. Supp. 2d at 404 (stating that the district court may refer to evidence relevant to a jurisdictional court where *relevant evidence is before the court*).

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2006, I, Daniel A. McLaughlin, caused true and correct copies of the foregoing Defendants Bank of America Corporation, Bank of America, N.A., Banc of America Securities Limited's ("BOA") Reply Memorandum of Law in Support of BOA's Motion to Dismiss Claims of Foreign Purchasers, and the Declaration of Daniel A. McLaughlin (and exhibits) to be served via the Court's CM/ECF system and by email upon all parties.

s/ Daniel A. McLaughlin
Daniel A. McLaughlin

NY1 6007882v.4