| | |
|---|---|
| Joseph B. Tompkins, Jr. | A. Robert Pietrzak (AP-6711) |
| Alan C. Geolot | Thomas McC. Souther (TS-6615) |
| Mark P. Guerrera | Daniel A. McLaughlin (DM-2688) |
| SIDLEY AUSTIN LLP | SIDLEY AUSTIN LLP |
| 1501 K Street, N.W. | 787 Seventh Avenue |
| Washington, D.C. 20005 | New York, N.Y. 10019 |
| (202) 736-8000 | (212) 839-5300 |
| (202) 736-8711 (fax) | (212) 839-5599 (fax) |

*Attorneys for Bank of America Corporation, Bank of America, N.A., and Banc of America Securities Limited.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | MASTER DOCKET |
| | : | 04 MD 1653 (LAK) ECF Case |
| In re PARMALAT SECURITIES LITIGATION | : | |
| | : | DEFENDANTS' SUR-REPLY |
| | : | MEMORANDUM OF LAW IN |
| | : | FURTHER OPPOSITION TO LEAD |
| | : | PLAINTIFFS' RENEWED MOTION |
| | : | FOR CLASS CERTIFICATION |
| This document relates to:   04-CV-0030 (LAK) | : | |
| | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| | : | |

**BANK OF AMERICA'S SUR-REPLY MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO LEAD PLAINTIFFS'
RENEWED MOTION FOR CLASS CERTIFICATION**

Defendants Bank of America Corporation, Bank of America, N.A., and Banc of America Securities Limited (collectively "BOA")[1] respectfully submit this Sur-Reply Memorandum of Law, pursuant to the Court's Order of December 11, 2006, solely to respond to new arguments specific to BOA made in the 97-page omnibus Lead Plaintiffs' Reply Memorandum in Further Support of Renewed Motion for Class Certification ("P. Reply"). BOA otherwise joins in the sur-replies filed by other defendants herein.[2]

## I.    PLAINTIFFS FAIL TO CARRY THEIR BURDEN AS TO CERTIFICATION OF A CLASS REGARDING EACH CLAIM AGAINST BANK OF AMERICA

Besides failing to carry their burden as to this action as a whole, Plaintiffs fail to show that a class should be certified as to each claim against BOA. Plaintiffs argue that the Court should treat all claims against all defendants alike without a "separate finding of appropriateness of class treatment against each and every Defendant." P. Reply at 54. In fact, ample authority supports the practice of limiting class certification to specific claims or specific defendants. See Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 438-45 (4th Cir. 2003) (collecting cases and noting absence of contrary authority); see also Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 976 (5th Cir. 2000) ("[A] court should certify a class on a claim-by-claim basis, treating each claim individually and certifying the class with respect to only those claims for which certification is appropriate.").[3]

---

[1] Defined terms in BOA's opposition brief ("BOA Mem.") are continued herein.

[2] As to certification of a class of foreign purchasers, BOA incorporates by reference its briefs in support of its motion to dismiss claims of such purchasers pursuant to Rule 12(c).

[3] Courts routinely limit class certification to particular claims, see, e.g., In re Livent, Inc. Noteholders Secs. Litig., 210 F.R.D. 512, 518-19 & n.3 (S.D.N.Y. 2002) (certifying only those securities claims for which reliance need not be proven; collecting cases), or to particular defendants, see, e.g., German v. Fed. Home Loan Mortgage Corp., 885 F. Supp. 537, 551 (S.D.N.Y. 1995); Gatter v. Cleland, 87 F.R.D. 66, 69 (E.D. Pa. 1980).

In particular, even if the fraud on the market theory were to apply to the markets for some or all Parmalat securities, it does not apply to Plaintiffs' claim involving the restructuring of political risk insurance premiums because there is no allegation or evidence that this transaction was ever public. See BOA Mem. at 20-22 (citing West v. Prudential Secs., Inc., 282 F.3d 935, 937-38 (7th Cir. 2002), regarding the imprudence of extending the fraud on the market theory to non-public information). West has since been cited with approval by the Second Circuit in In re Initial Pub. Offering Secs. Litig., No. 05-3349-cv, 2006 WL 3499937, at *17 (2d Cir. Dec. 5, 2006). Indeed, Plaintiffs' own expert concedes that in efficient markets, "the price of a given security reasonably reflects the information *publicly* known or disclosed." Expert Report and Decl. of Scott D. Hakala dated Dec. 15, 2006, ¶ 15 (emphasis added). Plaintiffs cite no argument, evidence nor authority in opposition, and therefore have conceded the point. See, e.g., SEC v. Kern, 425 F.3d 143, 152 (2d Cir. 2005).

As to the alternative presumptions, Plaintiffs cannot convert their claims against BOA into omissions claims by baldly asserting that BOA "concealed" facts that allegedly were misrepresented in a Parmalat press release. See P. Reply at 76; BOA Mem. at 19-20. This is nothing more than a brazen effort to use the presumption for omissions as a substitute for the fraud on the market theory where an efficient market cannot be proven, a point admitted explicitly in Plaintiffs' brief. See P. Reply at 76. Plaintiffs also mistakenly assert that BOA's involvement in Parmalat private placements can serve as a basis for a reliance presumption even though those private placements themselves are not alleged to form the basis of a claim. Id. at 73.[4]

---

[4]   Plaintiffs add, in a footnote on reply without evidentiary support, yet another theory – the "fraud on the regulatory process" theory of Arthur Young & Co. v. United States Dist. Ct., 549 F.2d 686, 695 (9th Cir. 1977). See P. Reply at 70 n. 48. This theory has likewise never been accepted in this Circuit. See Secs. Investor Prot. Corp. v. BDO Seidman, LLP, 222 F.3d 63, 72-73 (2d Cir. 2000); In re Towers Fin. Corp. Noteholders Litig., No. 93 Civ 0810, 1995 WL 571888, at *23-24 (S.D.N.Y. Sept. 20, 1995).

## CONCLUSION

For the foregoing reasons, as well as those set forth in its prior memoranda, the memoranda of other defendants and its memoranda in support of its Rule 12(c) motion relating to claims of foreign purchasers, BOA respectfully requests that the Court deny Plaintiffs' motion for class certification as to BOA.

Dated: New York, New York
       December 28, 2006

Respectfully submitted,

SIDLEY AUSTIN LLP


Joseph B. Tompkins, Jr.
Alan C. Geolot
Mark P. Guerrera
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

By: /s/ Daniel A. McLaughlin
A. Robert Pietrzak (AP-6711)
Thomas McC. Souther (TS-6615)
Daniel A. McLaughlin (DM-2688)
787 Seventh Avenue
New York, NY  10019
(212) 839-5300
(212) 839-5599 (fax)

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., and Banc of America Securities Limited*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2006, I, Daniel A. McLaughlin, caused true and correct copies of the foregoing Defendants Bank of America Corporation, Bank of America, N.A., and Banc of America Securities Limited's ("Bank of America") Sur-Reply Memorandum of Law in Further Opposition to Lead Plaintiffs' Renewed Motion for Class Certification to be served via the Court's CM/ECF system and by email upon all parties.

s/ Daniel A. McLaughlin
Daniel A. McLaughlin

NY1 6008354v.3