UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re PARMALAT SECURITIES LITIGATION

This document relates to:   06 Civ. 0704

MASTER DOCKET
04 MD 1653 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

Lewis A. Kaplan, *District Judge.*

      Bank of America Corporation and related entities (collectively, "BoA") move to dismiss on the grounds that (1) Parmalat Capital Finance Limited ("PCFL") lacks standing, (2) PCFL's claims are barred by *in pari delicto*, (3) each cause of action fails to state a claim upon which relief may be granted, and (4) Dr. Enrico Bondi, Food Holdings Limited, and Dairy Holdings Limited are indispensable parties.

      1.      The standing argument is based on the contention that the complaint fails to allege injury to PCFL, as distinguished from its creditors, and the proposition that PCFL cannot recover for injuries sustained by its creditors. I assume the latter proposition to be correct; indeed, PCFL so concedes. Pl. Mem. 8-9. But it is beside the point, as the complaint – the allegations of which must be taken as true for purposes of this motion – alleges injury to PCFL.[1]

      2.      BoA here trots out much the same arguments in support of its *in pari delicto* defense that I previously rejected in *Bondi v. Bank of America Corp.*, 412 F. Supp. 2d 392 (S.D.N.Y. 2006), *Bondi v. Grant Thornton International*, 421 F. Supp. 2d 703 (S.D.N.Y. 2006), and an order filed on February 21, 2007 in *Parmalat Capital Finance Limited v. Grant Thornton International*, No. 06 Civ. 2991. BoA's arguments are rejected for substantially the same reasons. *See also infra* ¶ 4c. BoA's reliance on *Cenco, Inc. v. Seidman & Seidman*, 686 F.2d 449 (7th Cir. 1982), is misplaced for the reasons set forth at pages 12-13 of plaintiff's memorandum and in *Bondi v. Grant Thornton International*, 421 F. Supp. 2d at 716.

      3.      The Rule 19 motion is denied to the extent and for the reasons set forth in the opinion of even date in this case and *Food Holdings Limited v. Bank of America*, No. 05 Civ. 9934.

      4.      BoA attacks the sufficiency of each of PCFL's claims for relief.

      As an initial matter, the parties dispute whether Fed. R. Civ. P. 9(b) applies to PCFL's claims. PCFL argues, correctly, that it makes no claim that it denominates "fraud," while BoA counters that fraud is nonetheless at the heart of the complaint.

---

[1] I decline to consider materials outside the complaint and thus to convert the motion into one for summary judgment.

PCFL's complaint seeks relief on two bases. The first is that BoA misrepresented the impact of the transactions to PCFL's board of directors to induce the board to approve the transactions and that the board relied on BoA's misrepresentations to PCFL's detriment. *E.g.*, Cpt. ¶¶ 140-41. Regardless of how PCFL names its causes of action, this is an averment of fraud and must comply with Rule 9(b). *See Rombach v. Chang*, 355 F.3d 164, 170-71 (2d Cir. 2004). The complaint fails to allege facts about these alleged misrepresentations with any specificity, stating simply that they were made. These conclusory allegations fail to satisfy Rule 9(b).

A second basis for relief also is alleged. PCFL makes a garden variety breach of trust claim, alleging, for example, that BoA violated fiduciary duties by placing its own interests before those of PCFL. *E.g.*, Cpt. ¶ 144. As this is not a claim for fraud, Rule 9(b) does not apply. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1104 (9th Cir. 2003) (where a plaintiff "allege[s] some fraudulent and some non-fraudulent conduct . . . only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements").

Finally, although the complaint sets forth allegations about the greater Parmalat fraud on the public, PCFL seeks no relief on the basis of that fraud. No purpose would be served by requiring more precise pleading of these background allegations.

To the extent that PCFL's claims for relief are based on fraud, BoA's motion to dismiss is granted. The Court considers BoA's specific challenges to the remaining claims below.

a. Count 1 purports to assert a claim for breach of fiduciary duty. BoA argues that the complaint fails sufficiently to allege the existence of a fiduciary duty. The argument, however, is based on a parsing of the pleading that invites me to conclude that the allegations that favor the plaintiff are "belied by other, more specific allegations in the Complaint." Def. Mem. 10. As a complaint may not be dismissed unless it is plain that the plaintiff could prove no facts under its allegations that would entitle it to relief, *e.g.*, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), I cannot properly accept the invitation thus extended.

b. Count 2 claims that BoA aided and abetted breaches of fiduciary duty owed to PCFL by various Parmalat insiders who, according to the complaint, owed fiduciary duties as well to PCFL. BoA challenges this count on the grounds that the complaint fails to allege (1) a primary violation by the insiders, and (2) facts sufficient to show that BoA knew of the primary breach and provided substantial assistance.

The contention that no primary violation is alleged depends upon the following logic: (1) PCFL was created by Parmalat to raise funds for Parmalat; (2) the insiders' actions in causing PCFL to do so could not have breached any duties owed to PCFL because they were a fulfillment of PCFL's corporate purpose. But even if I were to accept this doubtful reasoning, the fact would remain that the complaint alleges that the Parmalat insiders were engaged in a scheme to loot Parmalat and, in the course of doing so, looted PCFL. Thus, the fact that PCFL was a

subsidiary of Parmalat cannot shield Parmalat's faithless insiders from liability on the theory that their actions benefitted PCFL's ultimate beneficial owner, at least at the pleading stage.

The contention that the complaint fails to allege facts showing knowledge and substantial assistance is misguided, at least because the rules require no such pleading of evidence. The complaint alleges both actual knowledge and substantial assistance. The fact that the allegations are somewhat general is entirely appropriate in the absence of an allegation of fraud. *See* FED. R. CIV. P. 8, 9(b).

c. BoA asserts that Count 3, which asserts a claim for unjust enrichment with respect to non-contractual payments, must be dismissed on the basis of *in pari delicto* under *In re Parmalat Securities Litig.*, 383 F. Supp. 2d 587, 601 (S.D.N.Y. 2005). That decision, however, resolved a motion to dismiss Dr. Bondi's initial complaint. As the opinion made clear, the "thrust of th[at] complaint . . . [was] that BoA assisted the Parmalat Debtors, their affiliates . . . and these companies' managers in structuring and executing a series of complex, mostly off-balance sheet, financial transactions that were deliberately designed to conceal Parmalat's insolvency." *Id.* at 590 (internal quotation marks omitted). Subsequently, Dr. Bondi amended the complaint quite materially, alleging instead:

> "that BoA made it possible for Parmalat's corrupt managers and directors to loot the Company by designing a series of financial transactions to make them appear to be something other than they were. The Bank structured a series of sham transactions with the intent to raise ever increasing amounts of financing for Parmalat while perpetuating the impression that the company was financially sound. In contrast to the original complaint, the [First Amended Complaint] alleges that Parmalat itself did not benefit from the sham transactions:
>
>> "'The only benefit was to [Parmalat's] corrupt managers who could use the transactions to make it appear that Parmalat was creditworthy, when in fact it was not. This enabled them to keep Parmalat afloat, while they continued to loot it . . . . As a result of [BoA's] knowing assistance, the corrupt managers were able to continue their embezzlement scheme while concealing Parmalat's deepening insolvency directly resulting from that scheme.'" *In re Parmalat Secs. Litig.*, 412 F. Supp. 2d at 396.

This fundamentally changed the *in pari delicto* analysis and led to a different result. *Id.* at 400-01.

The complaint in this action adopts, at least with respect to PCFL,[2] the theory

---

[2] Any benefit to other Parmalat entities does not alter the *in pari delicto* with respect to PCFL. *See Parmalat Capital Finance Limited v. Grant Thornton International*, No. 06 Civ. 2991, Order (2/21/07) ¶ 2.

4

set out in Dr. Bondi's first amended complaint. In consequence, BoA's *in pari delicto* attack on the sufficiency of the unjust enrichment claim must be rejected.

    d.  BoA next attacks count 4, the conspiracy count, based on contentions that (1) civil conspiracy claims, under North Carolina law, do not belong to a debtor's estate, and (2) in any case, the complaint fails to allege any unlawful acts undertaken by the alleged co-conspirators.

    The cases relied upon by BoA for the first argument[3] do not support it. Both concerned the question whether Section 544(a) of the Bankruptcy Code, 11 U.S.C. § 544(a), permits a bankruptcy trustee to pursue for the benefit of the debtor's creditors claims against third parties for conspiring with the debtor to engage in fraudulent conveyances to the creditors' detriment. Neither held that civil conspiracy claims, by their nature, do not belong to a debtor's estate. Neither held that a trustee may not assert tort claims that are the property of the estate. Indeed, *In re Rahab Trust & Mgmt. Co.*, 2002 Bankr. LEXIS 1876, makes clear that a bankruptcy trustee may "assert causes of action which . . . belong to the debtor and are estate property." *Id.* at *16.

    BoA's second argument is equally unpersuasive. While North Carolina, like every other jurisdiction with which I am familiar, requires proof of an overt act in the course and furtherance of a conspiracy, this complaint more than adequately alleges the commission of such acts.

    \*   \*   \*

    As the foregoing demonstrates, this motion [04 MD 1653, docket item 493; 06 Civ. 0704, docket item 44] is almost entirely without merit and is denied except to the extent that PCFL's claims for relief are based on fraud. It is high time that this and related cases get beyond quibbling with the pleadings.

    SO ORDERED.

Dated:  February 28, 2007

                  _____
                    Lewis A. Kaplan
                   United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[3] *In re Miller*, 197 B.R. 810 (W.D.N.C. 1996); *In re Rahab Trust & Mgmt. Co.*, No. 01-3182, 2002 Bankr. LEXIS 1876 (Bankr. W.D.N.C. 2002).