UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re PARMALAT SECURITIES LITIGATION

This document relates to:   05 Civ. 4015

MASTER DOCKET
04 MD 1653 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

      The matter is before the Court on the motions of (1) the Bank of America defendants ("BoA") for an order compelling plaintiff Dr. Enrico Bondi to produce all engagement letters, retention agreements, and other writings containing the terms of the engagement between him and any PricewaterhouseCoopers ("PwC") entity or representative regarding this MDL proceeding,[1] (2) Dr. Bondi to compel a deposition of a BoA lawyer in an effort to prove that she has improperly interfered with Bondi's relationship with his experts, and (3) BoA to overrule Bondi's claim of privilege over letters held by PwC.

      The genesis of the dispute lies in the fact that Pricewaterhouse Coopers LLP ("PwC-US") is BoA's outside auditor, but Bondi has designated as expert witnesses three accountants employed by Pricewaterhouse Coopers S.p.A. ("PwC-Italy"), an affiliate of PwC-US. According to BoA, PwC assured it that it would not provide expert testimony against BoA in U.S. litigation and, moreover, that its agreement with Bondi provides that (1) no PwC representative will testify if any party objects, and (2) no PwC representative will offer opinion testimony in any event.

      BoA moved first to compel Bondi to produce documents reflecting the terms of his

---

[1] Grant Thornton International and Grant Thornton LLP join in this motion.

2

engagement with PwC, but asked the Court to hold that motion in abeyance while it awaited PwC-US's response to a subpoena for the same category of documents. PwC responded to the subpoena but withheld three documents at Bondi's request. Bondi asserts privilege with respect to these documents, all recent letters from PwC-Italy to Parmalat regarding the potential appearance of PwC-Italy partners as expert witnesses in this action.

Rule 26 provides for liberal discovery with respect to testifying experts. Their compensation and the terms of their engagements obviously are relevant to the credibility of their testimony and should be discoverable, at least absent extraordinary circumstances not present here. Dr. Bondi nevertheless resists discovery.

*The Expert Witness Stipulation*

Dr. Bondi argues first that BoA waived any right to discovery of this information because the parties stipulated "that 'notwithstanding the language in Rule 26(a)(2)(B) . . . the parties shall not be required to disclose or produce in discovery or at any trial any . . . (b) documents or information constituting or reflecting communications between an expert and a party or counsel in this action.'" Bondi Mem. in Opposition to BoA's Motion to Compel at 1-2 (selectively quoting Kieve Decl., Ex. 2, ¶ 2). Unfortunately, he has elided from the quotation language that places the matter in an entirely different light.

The stipulation in fact provides as follows, the elided language being italicized:

"*The parties agree that,* notwithstanding the language of Rule 26(a)(2)(B) *(or any other potentially applicable rule) regarding the 'facts and data considered' by the testifying expert in rendering the report or forming the expert's opinion,* the parties shall not be required to disclose or produce in discovery or at trial any *(a) drafts of expert reports or* (b) documents or information constituting or reflecting communications between an expert and a party or counsel in this action."

3

Considered in its entirety, the stipulation plainly relates to disclosure of facts and data considered by the testifying expert and communications relating thereto or, perhaps, to the expert's opinion. It most assuredly says nothing about disclosure of facts pertaining to the compensation or terms of engagement of the expert.

*Privilege*

Dr. Bondi contends also that the information BoA seeks is privileged. He cites no authority for this proposition. The reason is fairly obvious – the proposition is absurd. The compensation and terms of engagement of a lawyer are not protected by the attorney-client privilege. *See, e.g., Matter of Witnesses Before the Special March 1980 Grand Jury,* 729 F.2d 489, 494-95 (7th Cir. 1984) (fee information not privileged). *A fortiori* the compensation and terms of engagement of expert witnesses, which so plainly are relevant to credibility and bias, perhaps among other things, are not privileged.

*The Asserted Independence of PwC-Italy and Dr. Bondi's Motion*

Dr. Bondi next seeks to attack the conflict claim that it apprehends BoA will make. He argues that PwC-US was the bank's auditor, that the experts are with PwC-Italy, and that the supposed lack of connection between the two would defeat such an attack. But this argument is both premature and, at least in the present context, spurious.

In virtually the same breath in which Dr. Bondi asserts the utter independence of PwC-Italy from PwC-US, he argues that BoA's motion should be denied because BoA improperly interfered with Bondi's relationship with his experts at PwC-Italy *by communicating with PwC-US*. Indeed, as noted above, he moves for a deposition of the BoA lawyer who spoke to counsel at PwC-

US – which is BoA's independent auditing firm – on the theory that talking to PwC-US was an improper attempt to influence PwC-Italy.

The inconsistency in Dr. Bondi's position is as breathtaking as its lack of merit is apparent.

*Conclusion*

We long since have passed the point in this litigation when counsel confined themselves to responsible arguments designed to move toward a reasoned resolution of the dispute. Whether the cause is personal ill will among counsel, loss of judgment due to excessive zeal, or something else, the Court has been plagued by unnecessary and often baseless motion practice. Nor am I alone in this view. Judge Harris, who is presiding over the parallel New Jersey state court litigation between Dr. Bondi and Citigroup, referred to what he called an "ill-fated parade of gratuitous motions" and went on to say:

> "While I generally appreciate a well-played match of hardball baseball, I cannot say the same for a campaign of hardball litigation that may have only limited utility in advancing the legitimate interests of the parties. If the recent motion practice heralds what is to come, I predict that even with all of the money and resources available to the parties at their fingertips, at the end of the process, the victor will achieve something less than a Pyrrhic triumph. I urge the parties to reconsider whether a concede-nothing-take-no-prisoners litigation strategy will advance their and their economic constituencies' best interests." *Bondi v. Citigroup, Inc.*, No. BER-L-10902-04, 2005 WL 1284041, at *1 (N.J. Super. L. May 31, 2005).

As these motions indicate, the parties have not reconsidered their "concede-nothing-take-no-prisoners litigation strategy."

I have considered all of Dr. Bondi's arguments. All are without merit. BoA's motion to overrule Dr. Bondi's claim of privilege over letters held by PricewaterhouseCoopers [04 MD 1653 docket item 1385; 05 Civ. 4015 docket item 350] is granted in all respects. To the extent, if any, that

5

it is not moot, BoA's motion to compel Dr. Bondi to produce all engagement letters, retention agreements, and other writings containing the terms of the engagement between him and any PricewaterhouseCoopers entity or representative regarding this MDL proceeding [04 MD 1653 docket item 1312; 05 Civ. 4015 docket item 324], joined by Grant Thornton International and Grant Thornton LLP, is granted in all respects. Dr. Bondi's motion to compel BoA to make Elizabeth Baird available for deposition questioning and to produce all related, relevant documents [04 MD 1653 docket item 1345, 05 Civ. 4015 docket item 339] is denied in all respects.

All counsel are advised that the Court hereafter on its own motion will consider sanctions for groundless motion practice.

SO ORDERED.

Dated:   June 25, 2007

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)