Robert Pietrzak
Thomas McC. Souther
Daniel A. McLaughlin
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300
(212) 839-5599 (fax)

Joseph B. Tompkins, Jr.
Alan C. Geolot
Mark P. Guerrera
Robert D. Keeling
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (fax)

*Attorneys for Bank of America Corporation, Bank of America, N.A. and Banc of America Securities LLC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re PARMALAT SECURITIES LITIGATION | MASTER DOCKET<br><br>04 MD 1653 (LAK) ECF Case |
| This document relates to:  05 Civ. 9934 | |
| FOOD HOLDINGS LIMITED and DAIRY HOLDINGS LIMITED,<br>through their Joint Official Liquidators G. James Cleaver and Gordon I. MacRae<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION;<br>BANK OF AMERICA, N.A.; and<br>BANC OF AMERICA SECURITIES LLC<br><br>Defendants. | 05 Civ. 9934 (LAK) |

**MEMORANDUM OF LAW IN SUPPORT OF BANK OF AMERICA'S
MOTION TO PRECLUDE OR LIMIT THE TESTIMONY
OF THE PLAINTIFFS' DESIGNATED EXPERTS**

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................................. i

TABLE OF AUTHORITIES. ..................................................................................................... ii

I.    BRADLEY D. SHARP........................................................................................................1

    A.    Sharp's Factual Narratives and Interpretations of Conduct Are Not Proper
        Expert Testimony...........................................................................................................2

    B.    Sharp Cannot Offer "State of Mind" Opinions.........................................................3

    C.    Much of Sharp's Testimony Should be Excluded as Irrelevant .............................6

II.   ANDREW GALLOWAY .....................................................................................................7

    A.    Galloway Is Not Qualified. .........................................................................................8

    B.    Galloway's "Materiality" Testimony is Particularly Improper. ............................9

III.  PATRICIA A. CALDWELL ............................................................................................13

    A.    Caldwell Cannot Offer Her Personal Opinions About What Should Have
        Been Disclosed............................................................................................................14

    B.    Caldwell Cannot Offer State Of Mind Testimony. ...............................................16

    C.    Caldwell Cannot Merely Rehash Matters of Record Evidence. ..........................18

    D.    Caldwell's Valuation Testimony Is Not Relevant. ...............................................18

IV.   CONCLUSION...................................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

CASES

### FEDERAL CASES

*Bammerlin v. Navistar International Transport Corp.*,
  30 F.3d 898 (7th Cir. 1994) ...................................................................................9, 10

*Basic, Inc. v. Levinson*,
  485 U.S. 224 (1988)...................................................................................................11, 12

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 549 (1993)...................................................................................................12

*In re Diet Drugs*,
  MDL No. 1203, 2001 U.S. Dist. LEXIS 1174 (E.D. Pa. Feb. 1, 2001)................................4

*In re Fosamax Products Liability Litigation*,
  MDL No. 1789, 1:06-MD-1789 (JFK), 2009 U.S. Dist. LEXIS 64661 (S.D.N.Y.
  2009) .......................................................................................................................4

*Highland Capital Management v. Schneider*,
  379 F. Supp. 2d 461 (S.D.N.Y. 2005), *aff'd*, 551 F. Supp. 2d 173 (S.D.N.Y.
  2008) .......................................................................................................................4

*Lippe v. Bairnco Corp.*,
  288 B.R. 678 (S.D.N.Y. 2003)...................................................................................4

*In re Pharmaceutical Industrial Average Wholesale Price Litigation*,
  491 F. Supp. 2d 20 (D. Mass. 2007) .........................................................................11

*In re Rezulin Products Liability Litigation*,
  309 F. Supp. 2d 531 (S.D.N.Y. 2004)................................................................ *passim*

*United States v. Vitek Supply Corp.*,
  144 F.3d 476 (7th Cir. 1998) ....................................................................................8, 9

### FEDERAL RULES

Fed. R. Evid. 702 ..........................................................................................................3, 8, 10, 11

Bank of America Corporation, Bank of America, N.A., and Banc of America Securities LLC (collectively "BoA" or "the Bank") respectfully move the Court, pursuant to Rule 702 of the Federal Rules of Evidence, for an order precluding or limiting the testimony of Bradley D. Sharp, Andrew Galloway and Patricia A. Caldwell, all of whom have submitted proposed expert testimony on behalf of Food Holdings Limited ("FHL") and Dairy Holdings Limited ("DHL") (collectively the "Plaintiffs") as experts in this case. The grounds for this motion are stated below:

## I.    BRADLEY D. SHARP

███████████████████████████████████████████████████████████

███████████████████████████████████████ But the proposed testimony that follows is a wide-ranging narrative of BoA's relationship with Parmalat over the period 1995 to 2003, focusing on the purported motivations, intent and knowledge of Bank employees, all based on Sharp's interpretation of discovery documents. Virtually none of this testimony relates to the 1999 financing transaction for Parmalat Administração S.A. ("PAdmin transaction") or the implications of that transaction for the Plaintiffs in this case. ████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Sharp's testimony meets none of the requirements of Rule 702, and it should be excluded in its entirety.

---

<sup>1</sup> ████████████████████████████████████████████████████████
████████████████████████████████████

**A.    Sharp's Factual Narratives and Interpretations of Conduct Are Not Proper Expert Testimony.**

Sharp's proposed testimony is a perfect example of an expert "whose intended role is more to argue the client's cause from the witness stand than to bring to the fact-finder specialized knowledge or expertise that would be helpful in resolving the issues of fact presented by the lawsuit." *In re Rezulin Prods. Liability Litig.*, 309 F. Supp. 2d 531, 538 (S.D.N.Y. 2004). Sharp is not offering "scientific, technical, or other specialized knowledge" based on "reliable principles and methods," but instead is improperly offering "factual narratives and interpretations of conduct or views as to the motivation of parties." *Id.* at 541. Rather than serving the role envisioned by Rule 702, Sharp is plainly being offered as an advocate through which Plaintiffs and their counsel do nothing more than argue the evidence.

Except for his personal background and statement of work performed, Sharp Decl. ¶¶ 14-32, Sharp's declaration consists of factual recitations and simple lay inferences drawn from his review of the evidence. ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ In the following sections of the declaration, Sharp sets forth his view of what the documents and depositions show, interlaced with his conclusions as to whether alleged conduct of the Bank or its employees violated the Bank's practices or procedures – neither of which require any particular expertise. ████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

███████████████████████████████████████████ is nothing more than lay opinion unsupported by any expert analysis.[2]

Sharp cannot convert an advocate's factual argument into expert testimony simply by referencing Bank policies or procedures, as his opinions do not rely on any "scientific, technical, or other specialized knowledge that will assist the trier of fact." Fed. R. Evid. 702.[3] His conclusions as to what happened within the Bank are just inferences that he draws from the documents – a job that the trier of fact is fully capable of performing. To the extent any of the "facts" that underlie Sharp's proposed testimony are admissible, "they are properly presented through percipient witnesses and documentary evidence," *Rezulin*, 309 F. Supp.2d at 351 – in other words, through the deposition designations and over 300 exhibits that Plaintiffs are separately offering into evidence. Sharp's interpretation of this evidence has no probative value and will not assist the trier of fact.

## B.    Sharp Cannot Offer "State of Mind" Opinions.

Sharp repeatedly (almost fifty times in his proposed testimony) draws inferences from the documents he reviewed regarding the state of mind of the Bank or its employees in some form – what they knew or should have known, what they believed about Parmalat, what the motive or



[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████

[3] ████████████████████████████████████████████████████████████████████████████████████████████████████████████ Testimony based on such vague standards is nothing more than personal opinion.

intent for their behavior was, and how they should have acted in light of what they knew or should have known.  Indeed, when his proposed testimony is stripped of factual narrative, these opinions about the Bank's knowledge and motivations are all that is left.  These are not proper subjects of expert opinion, and testimony of this kind is routinely excluded.[4]

Among other things, Sharp's proposed testimony opines that the Bank and/or its employees:



---

[4] *See, e.g., In re Fosamax Prod. Liab. Litig.*, MDL No. 1789, 1:06-MD-1789 (JFK), 2009 U.S. Dist. LEXIS 64661, at *73 (S.D.N.Y. 2009) (precluding expert "from testifying as to the knowledge, intent, state of mind or purposes of [defendant], [or] its employees"); *Highland Capital Mgmt. v. Schneider*, 379 F. Supp. 2d 461, 469-70 (S.D.N.Y. 2005) (excluding expert testimony on a party's state of mind and motivations consisting simply of inferences drawn from evidence in the case), *aff'd*, 551 F. Supp. 2d 173, 182-83 (S.D.N.Y. 2008) ("[o]pining about a party's state of mind is impermissible"); *Lippe v. Bairnco Corp.*, 288 B.R. 678, 687 (S.D.N.Y. 2003) (excluding expert testimony regarding the "'real purpose'" and "true motivation" of defendants in engaging in certain transactions); *In re Diet Drugs*, MDL No. 1203, 2001 U.S. Dist. LEXIS 1174, at *6-7 (E.D. Pa. Feb. 1, 2001) (excluding expert's opinions regarding "intent, beliefs or credibility").

[5] *See also id.* ¶ 10 (Sala's and Moncada's actions were "inconsistent with reasonable bankers merely making mistakes" and "entirely consistent with a banker having knowledge of serious financial problems, or even fraud, at Parmalat."); *id.* ¶ 206 ("EMEA Management's failure to address these failings demonstrates that they were either aware that Parmalat's financial statements did not reflect its true financial condition or determined to remain willfully ignorant of the true risks involved in the FHL and DHL transactions.").

[6] *See also id.* ¶ 254 ("Sala, Moncada, and Luzi were complicit in many of the EMEA Management failures.").

[7] *See also id.* ¶ 212 ("obvious to EMEA Management that Parmalat's Brazilian operation would not generate 40% of Parmalat's consolidated cash flow").



All of this testimony is improper.  It is the rankest of speculation, and it serves no purpose other than to clutter the record with disparaging and defamatory rhetoric.  As this Court observed in *Rezulin*:

> [P]laintiffs' experts propose improperly to assume the role of advocates for the plaintiff's case by arguing as to the intent or motives underlying the conduct of [defendant] or others, a transgression that has resulted in the exclusion of 'expert' testimony as to the 'real motive' behind certain business transactions.



309 F. Supp. 2d at 546.  The testimony was excluded in *Rezulin*, and should likewise be excluded here.

### C.    Much of Sharp's Testimony Should be Excluded as Irrelevant.

While the improper aspects of Sharp's testimony discussed above are sufficient to preclude his testimony in its entirety, they do not stand alone.  Compounding these flaws is the fact that most of Sharp's proposed testimony has nothing to do with the PAdmin transaction, and therefore is not possibly helpful.[12]  The transaction occurred in December 1999, and it was partially restructured in June 2001.  As Plaintiffs participated in no other transaction, this is the only relevant time period at issue in this case.  But most of Sharp's declaration deals with generalizations about the Bank or its employees, other transactions, or policies and procedures that were not in place during the relevant time.  For example, Sharp opines on the following subjects that on their face are not relevant to the PAdmin transactions or any other issue in this case, and provides no explanation to suggest otherwise:



---
[12]



Sharp's proposed testimony on all of these matters must thus also be excluded because it fails to meet Rule 702's helpfulness requirement – *i.e.*, that the expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *See Rezulin*, 309 F. Supp. 2d at 539.

## II.     ANDREW GALLOWAY



[14] Other than his explanation of what an SPV is, which BoA is not challenging in this motion, Galloway's proposed testimony does not meet the requirements of Rule 702. Galloway is not qualified to provide expert testimony on the accepted and customary practices of SPV directors, and he is particularly unqualified to testify about what information would have been material to the FHL/DHL directors and what they would have done if the transaction had been

---

[13]

[14]

presented differently. In addition, his testimony on these latter issues is inadmissible because it is based on nothing more than speculation and conjecture and is inherently unreliable.

## A.    Galloway Is Not Qualified.

The threshold issue under Rule 702 is whether a proffered expert is qualified based on his "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "Because an expert's qualifications bear upon whether he can offer special knowledge to the jury, the *Daubert* framework permits – indeed, encourages – a district judge to consider the qualifications of a witness." *United States v. Vitek Supply Corp.* 144 F.3d 476, 486 (7th Cir. 1998).

The sole basis for the specialized knowledge Galloway purports to offer is his personal experience serving as a director on the boards of Cayman companies. ▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

While Galloway may have additional experience as a director for other types of Cayman companies, such as hedge funds, ▉▉▉▉▉▉▉▉ that experience is of marginal relevance.

8

This case is about SPVs, not hedge funds. ████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████ makes clear that SPVs are materially different than other types of

companies and thus that specific experience with SPVs is necessary for an expert to testify

reliably about an SPV director's duties.

The essential purpose of Rule 702 is to assure that a purported "expert knows whereof he

speaks." *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 901 (7th Cir. 1994). If

Galloway is going to provide testimony from an SPV director's perspective, he ought to at least

approximate the level of experience of the directors who actually approved the PAdmin

transaction.[15]  Galloway does not even come close.

### B.    Galloway's "Materiality" Testimony Is Particularly Improper.



████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████ Experience as

an SPV director does not result in specialized knowledge about these issues, ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

---
15 █████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████



Thus Galloway has no basis to testify as to how a transaction should be evaluated, what information is material to such an evaluation, or the circumstances in which SPV directors would decide not to approve a transaction that has been presented to them.[16]

Indeed, inherent contradictions embodied in Galloway's testimony illustrate that his personal experience, limited as it is, cannot be "reliably applied to the facts." Fed. R. Evid. 702 cmt. notes 2000 Amendment.

---

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████ Purporting to exercise independent judgment in the

face of such heavy reliance is a contradiction in terms. ███████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Such

fundamental inconsistencies that go to the heart of Galloway's opinion render his opinions on

this subject so unreliable and unhelpful as to warrant exclusion. *See In re Pharm. Indus.*

*Average Wholesale Price Litig.*, 491 F. Supp. 2d 20, 85-86 (D. Mass. 2007) (concluding court

may reject "internally inconsistent" expert opinion).

      The unreliability of Galloway's testimony becomes all the more apparent from the way in

which he reached his opinions. ████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

[17] This factual vacuum sheltered Galloway from evidence crucial to assessing materiality in any kind of reliable way.

Galloway himself admits this serious methodological flaw:

[18]

Beyond the speculation inherent in an opinion premised on an incomplete understanding of the facts, the lack of *any* standards guiding Galloway's opinion renders it nothing more than his personal guesswork. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993) (Rule 702's "knowledge" requirement "connotes more than subjective belief or unsupported speculation"); *Rezulin*, 309 F. Supp. 2d at 543 & n.27 (when there are no standards guiding an expert's opinion, his experience "does not transform his admittedly subjective views into appropriate subjects of expert testimony"). Nowhere is Galloway's speculation more apparent



than in his ultimate conclusion ████████████████████████████████
████████████████████████████████████████████████ This is not

expert testimony by someone with specialized knowledge. It is just conjecture about a

hypothetical circumstance by someone who himself has never even confronted the situation. *See*

*Rezulin*, 309 F. Supp. 2d at 557 ("surmising as to what physicians would do with different

information is purely speculative and not based on scientific knowledge"); █████████████

████████████████████████████████████████████████████████

████████████████████████████████

## III.    PATRICIA A. CALDWELL

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████[19] But when the whole of her proposed testimony is considered, it is

apparent that she is being presented primarily as another witness in support of Plaintiffs'

argument that the FHL/ DHL directors would have rejected the transaction if BoA had disclosed

certain additional information. In this respect, therefore, her testimony is similar to Galloway's.

But unlike Galloway, Caldwell purports to base her opinions on a review of the evidence relating

to the transactions. Like Sharp, she not only testifies as to her own interpretation of the

evidence, but goes to expound on BoA's state of mind ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

---

[19] ████████████████████████████████████ The other issue that Caldwell
addresses is damages. BoA is not at this time challenging the admissibility of Caldwell's damages testimony.

Caldwell's proposed testimony suffers from all of the same defects as Galloway's and Sharp's, and then some. Caldwell has even less experience with SPVs than Galloway, and has no basis to testify about what kind of information the FHL/DHL directors were entitled to receive or what they would have done had they received it.[20] Nor may she speculate as to BoA's knowledge, state of mind or motivations; these are not proper subjects of testimony by a supposed financial expert. The rest of her testimony fares no better. The five-page section of her declaration dealing with so-called "red flags," ████████████████████████ ████████████████████████████████████ there is no expert analysis whatsoever. And her after-the-fact valuation of "PAdmin," ███████████ is simply irrelevant to the events in 1999, and therefore not helpful to the trier of fact.

### A.   Caldwell Cannot Offer Her Personal Opinions About What Should Have Been Disclosed.

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████[21] Just

---

[20] ████████████████████████████████████████████

[21] These opinions include, for example:

████████████████████████████████████████
████████████████████
████████████████████████████████████████
██████████████████

14

as with Galloway, this testimony is not admissible. It has no reliable basis, and it reflects no more than Caldwell's uninformed personal opinions.

Caldwell does not have the requisite "knowledge, skill, experience, training, or education" to offer such opinions. If such testimony is to be considered, it must have some basis in the customs, practices or obligations of promoters and directors in SPV transactions. But Caldwell knows nothing about the interactions between promoters and directors. ▮



Indeed, Caldwell does not even purport to rely on any such expertise in coming to her conclusions on what information the Bank should have disclosed to the FHL/DHL directors,

15

what information the FHL/DHL directors may have found important, or how the FHL/DHL directors would have acted if provided with different information. Instead, she is just giving her layman's belief. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████ Such testimony is not helpful or admissible. Opinions based on such "personal, subjective views" do not meet the "core requirement of Rule 702 that expert testimony rest on 'knowledge,' a term that 'connotes more than subjective belief or unsupported speculation.'" *Rezulin*, 309 F. Supp. 2d at 543.

### B.    Caldwell Cannot Offer State Of Mind Testimony.

Caldwell also proposes to testify about what the Bank "knew" about the economic viability of the PAdmin transactions. █████████████████████████ ███[22] ██████████████████████████████████ █████████████████████████████████████████████

---

[22] These state of mind opinions include the following:

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████

███████████████████ But Caldwell is not qualified to opine on corporate knowledge or intent of either Bank of America or the FHL and DHL directors, and did not base her opinions on the kind of reliable knowledge, principles, or methods required by Rule 702. Instead, like Sharp, she is simply offering her own speculative views, which conveniently mirror the allegations made by the Plaintiffs.

Caldwell's proposed testimony is virtually indistinguishable from the "musings" this Court excluded in *Rezulin*. There, the plaintiffs' experts – based on the same kind of approach used by Caldwell – proposed to testify that the defendant pharmaceutical company "knew" that Rezulin posed certain health risks. 309 F. Supp. 2d at 545-47. This Court held:

> [T]he opinions of these witnesses on the intent, motives or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise. [These] musings as to defendants' motivations . . . would not be admissible if given by any witness – lay or expert.

*Id.* at 546 (internal quotation marks omitted).

Caldwell's testimony about the Bank's alleged knowledge is improper for another reason.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████ This testimony is thus no different than the witness in *Rezulin* who "drew simple inferences from documents produced in discovery, as when he said he 'knows for sure' that Glaxo took Rezulin off the market for safety reasons because 'the chairman of the company' allegedly wrote that in a letter." 309 F. Supp. 2d at 546-47. As the Court held there, such testimony is improper because it deals with lay matters that the trier of fact is capable of understanding and deciding without the expert's help. *Id.*

### C.    Caldwell Cannot Merely Rehash Matters Of Record Evidence.

As shown in connection with Sharp's testimony, this Court and others have held that

proposed expert testimony that offers only "factual narratives and interpretations of conduct or

views as to the motivation of parties" is inadmissible. *Rezulin*, 309 F. Supp. 2d at 541; *see also*

cases cited at n. 4 *supra*. ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

This is not expert testimony; it is an advocate's summation of the evidence. Caldwell

provides no expert analysis whatever. She neither explains why the thirty-eight items are red

flags, nor provides any factual basis for her assertion. Caldwell's "red flags" testimony must

thus also be excluded because it rests on nothing but her *ipse dixit*.

### D.    Caldwell's Valuation Testimony Is Not Relevant.

The only portion of Caldwell's proposed testimony that is based on anything other than

her personal spin on what is shown by the documents is ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ While these valuation issues might be legitimate subjects of

expert testimony in some cases, they are not in this case because they are irrelevant and not

helpful. In order for her testimony to meet the helpfulness standard of Rule 702, Caldwell's

testimony must have a valid connection to the pertinent inquiry. *Rezulin*, 309 F. Supp. 2d at 540. It does not.

The broad issue that is framed by both Galloway's and Caldwell's proposed testimony concerns BoA's disclosure obligations to the FHL/DHL directors in 1999, and particularly whether BoA should have disclosed certain information about the valuation of Parmalat Brazil. Plaintiffs are free to argue that BoA should have disclosed the existence of the D&T and NMS valuations and any known deficiencies in these valuations. ███████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████ Testimony about that analysis, or about then unknown alleged flaws in the contemporaneous valuations ███████████████, is not pertinent to the inquiry before the Court.

## IV.    CONCLUSION

For the foregoing reasons, this Court should exclude the testimony of Bradley Sharp in its

entirety, should limit the testimony of Andrew Galloway to his "What is an SPV?" discussion

(Galloway Decl. ¶¶ 23-37), and should limit the testimony of Patricia Caldwell to the issue of

damages (Caldwell Decl. ¶¶ 145-50).

August 31, 2009

SIDLEY AUSTIN LLP

By: _____

Joseph B. Tompkins, Jr.
Alan C. Geolot
Mark P. Guerrera
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)

A. Robert Pietrzak (AP-6711)
Thomas McC. Souther (TS-6615)
Daniel A. McLaughlin (DM-2688)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
(212) 839-5599 (fax)


Attorneys for Defendants Bank of America
Corporation, Banc of America Securities LLC
and Bank of America, N.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of August, 2009, I caused true and correct copies of the foregoing Bank of America's Notice of Motion to Preclude or Limit the Testimony of the Plaintiffs' Designated Experts, Memorandum of Law in Support of Bank of America's Motion, and Declaration of Robert D. Keeling in Support of Bank of America's Motion and accompanying exhibits to be served by the Court's CM/ECF system and email upon all parties.

/s/ Elizabeth P. Williams_____
Elizabeth P. Williams